UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In the Matter of arbitration:

UNION SQUARE LIMITED,

                Petitioner,                No. 21-cv-11032

      V

MR. BAR-B-Q PRODUCTS LLC,

                Respondent.

### PETITION TO CONFIRM ARBITRATION AWARD

Petitioner Union Square Limited ("USL"), by and through its undersigned attorneys, respectfully petitions this Court to confirm the Second Partial Final Award dated December 3, 2021 (the "Second Partial Final Award," Exhibit A[1]) issued in favor of USL and against Respondent Mr. Bar-B-Q Products LLC, ("Mr. BBQ" and together with USL, the "Parties") in an arbitration proceeding convened by and before the American Arbitration Association's International Centre for Dispute Resolution ("ICDR"). In support of its Petition, USL hereby states as follows:

### PRELIMINARY STATEMENT

1. This proceeding is brought by USL pursuant to the Federal Arbitration Act ("FAA")[2], the New York Convention on the Recognition and Enforcement of Foreign Arbitral

---

[1] All references to Exhibits in this Petition refer to the exhibits submitted with the Declaration of Jeffrey A. Wurst of even date herewith and filed contemporaneously with the filing hereof.

[2] The FAA governs this Verified Petition because the underlying arbitration concerned international and interstate commerce. *See e.g. ACN Digital Phone Serv., LLC v. Universal Microelectronics Co., LTD*, 115 A.D.3d 602, 603, 982 N.Y.S.2d 126, 127 (2014) ("Because the transactions at issue were in international commerce, the proceeding to confirm/vacate the arbitration award is governed by the Federal Arbitration Act").

1

Awards ("New York Convention")[3], and Section 7510 of the New York Civil Practice Law and Rules[4], to confirm the Second Partial Final Award.

2. The Second Partial Final Arbitral Award, dated December 3, 2021, that forms the basis of this Petition to Confirm Arbitration Award is an award of attorneys' fees and costs in favor of USL and against Mr. BBQ, awarded in a certain arbitration proceeding convened by the ICDR under its Case Number 01-20-0005-4914 (the "Arbitration").

3. In a first Partial Final Award in the Arbitration, dated June 9, 2021 (Exhibit C), the sole arbitrator, Steven Strick ("Arbitrator Strick" or the "Arbitrator"), ruled, *inter alia*, that Mr. BBQ had breached a Services Agreement and Amendment to Services Agreement between the Parties, awarded USL $4,304,896.14 in damages plus interest on the damages' award, and determined that USL was the prevailing party in the Arbitration and, as such, was entitled to an award of attorneys' fees and costs in accordance with the terms of the Services Agreement.

## PARTIES

4. USL is a Hong Kong corporation with its principal place of business located at 61 Mody Road, Tsimshatsui East, Kowloon, Hong Kong.

5. Mr. BBQ is a limited liability company organized and existing under, and by virtue of, the laws of the State of New York with its principal place of business located at 10 Hub Drive, Melville, New York 11747.

## JURISDICTION AND VENUE

---

[3] Because the parties' arbitration agreement falls within the scope of the New York Convention, that Convention also applies here. *See Yusuf Ahmed Alghanim & Sons v. Toys "R" Us, Inc.*, 126 F.3d 15, 19 (2d Cir. 1997) (holding that where an agreement to arbitrate "involve[s] parties domiciled or having their principal place of business outside [the United States]," that agreement is governed by the New York Convention). Chapter 2 of the FAA, 9 U.S.C. §§ 201–208, codifies the New York Convention.

[4] This Petition also complies with state law because "[t]he same factors considered in a state law analysis are appropriate to a review of a petition to confirm an arbitration award under FAA standards." *MBNA Am. Bank, NA v. Straub*, 12 Misc. 3d 963, 969, 815 N.Y.S.2d 450, 455 (Civ. Ct. 2006).

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship among the parties and the amount in controversy is in excess of $75,000.

7. This Court has personal jurisdiction over the parties because the parties agreed to arbitrate in New York, New York and the award was made in this District.

8. Venue is proper in this district under 9 U.S.C. § 9 in that the Arbitration Award was made in New York, New York, which is located in this District.

## RELEVANT FACTS

14. USL was founded in about 1987 as a sourcing company for supplying Chinese-made goods to U.S. companies.

15. A sourcing company locates suitable Chinese manufacturers for its U.S. clients, receives client orders, and oversees production, quality control, product testing, and shipments, among other things.

16. When founded in 1987, USL had one employee, but as USL grew it hired more and more employees, growing to as many as 70 employees at one point, to address, among other things, order processing, product and packaging design, manufacturing, quality control, accounting, and logistics.

17. USL has been sourcing products for Mr. BBQ and its predecessors since in or about 1993.

18. More specifically, USL contracted with factories in the People's Republic of China for the manufacture of barbecue accessories and related products and sold those products to Mr. BBQ for resale to customers such as Lowe's, Target, and Walmart (Canada).

19. The Parties conducted business together and were parties to a Services Agreement, with an effective date of July 27, 2018 and the Amendment to Services Agreement ("Amendment"), with an effective date of February 4, 2020, which amended the Services

Agreement. (the "Services Agreement and the Amendment are collectively, the "Agreements"). Exhibit B.

20. The Agreements were duly signed by the parties and are binding upon them.

21. Paragraph 22 of the Services Agreement includes an arbitration provision (the "Arbitration Agreement") as follows:

> **Dispute Resolution: Forum Selection**. The Parties shall first attempt to settle all disputes in connection with this Agreement through negotiations. In the event no settlement is reached within thirty (30) days after the dispute first arose, then either Party may submit the dispute to binding arbitration before a single arbitrator pursuant to the rules set forth from time to time by the American Arbitration Association or JAMS. In any such arbitration, the prevailing Party shall be entitled to its reasonable attorney's fees and costs, including fees for the arbitration and the arbitrator's fees. The parties agree that the arbitration shall be conducted in New York City, New York, U.S.A.

Exhibit B, ¶ 22.

22. The Amendment did not amend the Arbitration Agreement.

23. Disputes arose between the parties related to the Agreements.

24. In accordance with the Arbitration Agreement, Mr. BBQ commenced arbitration proceedings against USL on June 4, 2020, before the ICDR to resolve disputes between the parties arising under the Agreements (the "Arbitration"). Exhibit D.

25. The Parties amended and supplemented their demands and responses, culminating with Mr. BBQ's Fourth Amended Supplement to its Notice of Arbitration, filed on February 3, 2021 (Exhibit E), which included claims alleging that USL 1) failed to fulfil orders and ship merchandise as required by the Agreements, 2) marketed competitive items prior to April 1, 2020, in violation of the Agreements, 3) failed to arrange and coordinate the return of Mr. BBQ's molds and tooling as required by the Agreements, 4) used Mr. BBQ's samples in a manner prohibited by the Agreements, 5) disparaged Mr. BBQ to third parties in violation of the Agreements, 6) used Mr. BBQ's confidential information in a manner prohibited by the Agreements, 7) unfairly

competed with Mr. BBQ, 8) tortiously interfered with Mr. BBQ's business, 9) breached a fiduciary duty owed to Mr. BBQ, and 10) breached the implied covenant of good faith and fair dealing.

26. In USL's response to Mr. BBQ's Fourth Amended Supplement to its Notice of Arbitration response (Exhibit F) USL denied that it had breached the Agreements or committed any of the torts alleged by Mr. BBQ and asserted counterclaims (Exhibit G) alleging that Mr. BBQ breached the Agreements by 1) failing to pay USL invoices totaling $4,304,896.14 for products manufactured and shipped on Mr. BBQ's behalf, and 2) failing to purchase USL's inventory valued at more than $5 million dollars.

27. On July 27, 2020, pursuant to the procedures set forth in the ICDR Rules, the ICDR notified the parties that it had appointed Steven Strick, *FCIArb* as the sole Arbitrator for the Arbitration. Notice of the designation of the Arbitrator was duly given to both parties. Exhibit H.

28. The parties conferred with the Arbitrator and a representative of the ICDR via telephone conferences held on August 10, 17, and 20, 2020, which conferences resulted in the Report of Case Management Hearings and Procedural and Scheduling Order 1, dated August 22, 2020 (the "Scheduling Order"). Exhibit I.

29. The Scheduling Order was amended from to time and an Approved Procedural Schedule 1.7 was issued on February 26, 2021, setting the Arbitration's hearing on the merits for March 8-13, 2021. Exhibit J.

30. On March 8, 2021, the Arbitrator entered the Order and Procedures for Virtual Hearing Via Videoconference – Zoom. Exhibit K. Therein, the Arbitrator ordered that the Arbitration hearing would be conducted via Zoom videoconference and would be deemed to have taken place in New York, New York.

31. The Arbitration, styled as *Mr. Bar-B-Q Products, LLC. v. Union Square Limited and Wayne Margolin,* ICDR Case Number 01-0005-4914, took place on March 8, 9, 13, 14, 15 and 16, 2021 via Zoom videoconference.

32. The Arbitration hearing was conducted under the ICDR International Dispute Resolution Procedures (Including Mediation and Arbitration Rules), Amended and Effective June 1, 2014.

33. During the Arbitration, the parties were afforded the opportunity to present evidence and make arguments.

34. After receiving the Parties' post-hearing briefs and hearing closing arguments the Arbitrator closed the hearing .

35. The Arbitrator rendered the First Partial Final Award on June 9, 2021. Exhibit C.

36. The first Partial Final Award was duly delivered to the Parties on June 9, 2021, by email, in compliance with the ICDR Rules, awarding USL $4,304,896.14 USD in damages plus interest on the damages' award.

37. In addition, the First Partial Final Award determined that USL was the prevailing party in the Arbitration and, as such, was entitled to an award of attorneys' fees and costs in accordance with the terms of the Services Agreement.

38. The entire amount awarded in the First Partial Final Arbitral Award has been paid.[5]

39. Following briefing and the Parties' submission of expert reports on USL's entitlement to an award of fees and costs, on October 31, 2021, Arbitrator Strick issued an Advisory Ruling in which he informed the Parties that USL had met its burden of proof that

---

[5] There remains a dispute between the Parties concerning interest due on the First Partial Final Award which is not before the Court in this Petition.

the fees and costs being sought were reasonable and requested certain additional briefing which the Parties provided.

40. On December 3, 2021, the Arbitrator issued the well-reasoned Second Partial Final Award. Exhibit A.

41. In the Second Partial Final Award, the Arbitrator ruled that USL was entitled to an award of attorneys' fees and costs in the amount of $1,959,055.23 plus accrued interest at the rate of nine (9%) percent per annum from June 9, 2021, until the award is paid in full. Exhibit A.

42. The Second Partial Final Award also provided that within ten (10) days from the date of the Second Partial Final Award Mr. BBQ must (1) pay directly to USL the amount of $1,402,875.31 plus accrued interest on the award, and (2) deposit the balance of the award, in the amount of $556, 179.92, in a New York escrow account approved by the Arbitrator, with the disposition of the escrow funds to be addressed by the Arbitrator in a final award to be issued following further proceedings concerning the remaining issues in the arbitration. Exhibit A

43. Upon information and belief, the escrow account has not been established.

44. Mr. BBQ has paid only $252,847.61 of the Second Partial Final Award.

**CONFIRMATION IS PROPER UNDER THE FEDERAL ARBITRATION ACT AND THE NEW YORK CONVENTION**

45. This Petition is timely because it has been brought within one year of the December 3, 2021 date on which the Award was made. *See* 9 U.S.C. § 207.

46. The Award has not been vacated, modified, or corrected under 9 U.S.C. §§ 10-11 and/or New York CPLR § 7511.

47. A court applying the FAA is empowered to confirm and enter judgment on an arbitration award. *See* 9 U.S.C. § 9 (applicable here under 9 U.S.C. § 208). Here, the Services Agreement provides that any arbitrator's award shall be binding on the Parties, which impliedly

confers power on a court to enter judgment thereon. *See Home Ins. Co. v. RHA/Pennsylvania Nursing Homes, Inc.*, 127 F. Supp. 2d 482, 485 (S.D.N.Y. 2001) ("As a practical matter, parties who agree not only to arbitrate their disputes, but that any award shall be final, intend that any such award may be enforced in the courts").

48. Under the New York Convention, a court's role in reviewing a foreign arbitral award is "strictly limited." *Yusuf Ahmed Alghanim & Sons v. Toys "R" Us, Inc.*, 126 F.3d 15, 19 (2d Cir. 1997). Indeed, a "court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9 U.S.C. § 207.

49. The grounds for refusing to recognize or enforce an arbitral award established by the New York Convention are:

> (a) The parties to the agreement ... were ... under some incapacity, or the said agreement is not valid under the law ...; or
>
> (b) The party against whom the award is invoked was not given proper notice of the appointment of the arbitrator or of the arbitration proceedings ...; or
>
> (c) The award deals with a difference not contemplated by or not falling within the terms of the submission to arbitration, or it contains decisions on matters beyond the scope of the submission to arbitration ...; or
>
> (d) The composition of the arbitral authority or the arbitral procedure was not in accordance with the agreement of the parties ...; or
>
> (e) The award has not yet become binding on the parties, or has been set aside or suspended by a competent authority of the country in which, or under the law of which, that award was made.

New York Convention Art. V(1).

50. Enforcement may also be refused if "[t]he subject matter of the difference is not capable of settlement by arbitration," or if "recognition or enforcement of the award would be contrary to the public policy" of the country in which enforcement or recognition is sought. *Id*. art. V(2).

51. None of the limited grounds for denying confirmation and enforcement of the Award apply here.

52. For these reasons, this Court is empowered to, and should, confirm and enter judgment on the Award.

## PRAYER FOR RELIEF

WHEREFORE, for the foregoing reasons and those set forth in the memorandum of law submitted contemporaneously herewith and incorporated herein by reference, Petitioner USL respectfully requests that this Court:

A. Enter an order confirming the Arbitrator's December 3, 2021 Second Partial Final Award;

B. Enter judgment in conformance with the Arbitrator's December 3, 2021 Second Partial Final Award and in favor of Petitioner USL in the amount of $1,959,055.23 (less the amount of $252,847.61 which was paid by Mr. BBQ on December 16, 2021) as follows:

   (i) $1,150,027.70 ($1,402,875.31 less $252,847.61), together with interest at 9% per annum on $1,402,875.31 from June 9, 2021 through December 16, 2021, and on $1,150,027.70 from December 17, 2021;

   (ii) directing Mr. BBQ to deposit the amount of $556,179.92 together with accrued interest thereon at 9% per annum from June 9, 2021, into a New York escrow account to be approved by the Arbitrator; and

C. Grant such other relief that this Court, in the interests of justice, deems necessary and proper, including USL's reasonable costs and reasonable attorneys' fees incurred in bringing and prosecuting this proceeding.

Dated: December 23, 2021
New York, New York

Respectfully Submitted,

Armstrong Teasdale LLP
*Attorneys for Petitioner*
*Union Square Limited*


By:   /s Jeffrey A. Wurst
    Jeffrey A. Wurst
    7 Times Square, 44th Floor
    37th Floor
    New York, NY 10036
    212.209.4443
    jwurst@atllp.com