# Exhibit A

# Second Partial Final Award

INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION

INTERNATIONAL ARBITRAL TRIBUNAL

Mr. Bar-B-Q Products, LLC

Claimant/Counterclaim Respondent

-and-

Union Square Limited and Wayne Margolin

Respondents/Counterclaimants

SECOND PARTIAL FINAL AWARD

The Tribunal

Stephen S. Strick, Sole Arbitrator

1

INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION

INTERNATIONAL ARBITRAL TRIBUNAL

| | |
|---|---|
| In the matter of arbitration:<br><br>Mr. Bar-B-Q Products, LLC<br>("Mr. Bar-B-Q" or "Claimant")<br><br>vs.<br><br>Union Square Limited and Wayne Margolin<br><br>(individually "USL" and "Margolin," and together "Respondents") | ICDR Case Number 01-20-0005-4914<br><br>Second Partial Final Award |

SECOND PARTIAL FINAL AWARD

I, THE UNDERSIGNED ARBITRATOR (the "Tribunal" or "Arbitrator"), having been designated in accordance with Section 22 of the Services Agreement between Mr. Bar-B-Q and USL effective July 27, 2018 (as amended March 29, 2019, August 21, 2019, and October 29, 2019) (the "Agreement"), and having issued a Partial Final Award dated June 9, 2021 (as corrected on July 9, 2021 through the application pursuant to Article 33 of the ICDR Arbitration Rules), and having been duly sworn and having duly heard the proofs and allegations of the parties, do hereby **AWARD** as follows:

**BACKGROUND**

On June 9, 2021, the Tribunal issued its Partial Final Award (corrected July 9, 2021) (the "PFA") in which it found that Respondents were the prevailing party in the present arbitration proceeding and, consequently, that under Section 22 of the Agreement, Respondents were "entitled to reasonable attorney's fees and costs, including fees for the arbitration and the arbitrator's fees."[1] (PFA at V.D.)

The Tribunal directed that "within 10 days after a final ruling of the Tribunal on all outstanding issues relating to Claimant's obligations to purchase inventory in accordance with Section 27 of the Agreement and interest calculations hereunder, Respondents, as the prevailing party may file with the Tribunal an application for their claims relating to the Tribunal's award of attorney's fees and costs." (PFA at V.E.)

On June 9, 2021, Respondent USL filed its application for attorney's fees and costs with the Tribunal. Respondent USL's invoice was corrected and resubmitted on July 3, 2021. Claimant then filed its undated expert report opposing Respondent's application for fees and costs, to which Respondent responded with its own expert report on September 30, 2021. In reply, Claimant filed its expert rebuttal letter on October 26, 2021.

On October 31, 2021, after reviewing the parties' submissions and considering argument, the Tribunal issued an Advisory Ruling finding that Respondent USL had met its burden to establish that

---

[1] The PFA further stated that "[t]he application shall include reasonable documentation supporting the financial claims contained therein" and provided that Mr. Bar-B-Q could, "within 10 days of its receipt of Respondents' submission, file a response or opposition thereto." The Tribunal reserved the right and retained jurisdiction to consider issues relating to fees and costs, including the administrative fees of the AAA-ICDR and the Tribunal's compensation fees, and to then render its Final Award. (PFA at V.E., V.G.). The PFA is amended and supplemented hereby.

3

the fees and costs it sought in its corrected application dated July 3, 2021, were reasonable—"save for the Armstrong Teasdale portion requested for legal fees attributed to legal work for confirmation of the award (4 invoices) on which judgement is reserved pending further argument from counsel at a conference to be scheduled."

## PRESENT ISSUES BEFORE THE TRIBUNAL

The current issues before the Tribunal are as follows:

**Issue 1.** Whether the legal fees invoiced by the Armstrong Teasdale firm for which Respondent USL seeks reimbursement are reasonable under New York law.

**Issue 2.** Whether Claimant should be ordered to pay fees, costs, and/or interest prior to a final ruling of the Tribunal on all outstanding issues relating to Claimant's obligations to purchase inventory in accordance with Section 27 of the Agreement.

**Issue 3.** Whether, under New York law, any interest awarded on Respondent's legal fees should accrue (i) from the date that the Tribunal sets the total amount of legal fees reimbursable, or instead (ii) from the date on which the Tribunal found Respondents the prevailing parties in the Arbitration as set forth in the PFA.

## DISCUSSION AND RULINGS

**Issue 1.**

The first issue the Tribunal considers is whether the legal fees that Respondent USL incurred to the Armstrong Teasdale firm were reasonable under New York law.

On October 31 the Tribunal issued its Advisory Ruling, which states in relevant part:

THE TRIBUNAL has carefully reviewed the parties' submissions regarding Respondent USL's request for reimbursement of reasonable Legal Fees and Costs set out in its corrected invoice of July 3, 2021 and having done so, is persuaded that USL has met its burden, under applicable New York law, to establish by a preponderance of proof that its request for reimbursement is reasonable--*save for the Armstrong Teasdale portion requested for legal fees attributed to legal work for confirmation of the award (4 invoices) on which judgement is reserved pending further argument from counsel at a conference to be scheduled.* (Emphasis added.)

Per the October 31 Advisory Ruling, the Tribunal held a Zoom conference on November 8, 2021, and heard the parties' positions and argument regarding, *inter alia*, the reasonableness of the Armstrong Teasdale fees under New York law.

After hearing and considering the parties' briefs and argument regarding the Armstrong Teasdale fees at issue (as set forth in four invoices totaling $22,763.38), the Tribunal here finds that (i) the first two invoices containing fees totaling $3,797.50 were reasonably incurred and reimbursable, but (ii) the remaining two invoices totaling $18,965.88 were not, under New York law, incurred reasonably, so reimbursement of such sums is denied. The Tribunal reaches this conclusion based on Claimant's argument set out in Paragraph III of its November 22, 2021, *Opposition to Respondent's Motion for an Award of Attorneys' Fees, Costs, and Interest Thereon.*

Additionally, the Tribunal notes that the parties agree that, under New York law, the relevant inquiry in determining whether the fees incurred (and in this case for which reimbursement is sought by Respondent USL as a prevailing party) were reasonable "is not whether an *ex post facto* analysis would show that the work was unnecessary to the relief obtained; rather it is *whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures.*") (Emphasis added.) (See Grant v. Martinez cited in fn 2 below.) Thus, "[t]he relevant issue is not

whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures."[2]

In an email to the Tribunal on November 8, 2021, Respondents' counsel argues the following in justifying the expenditure relating to work performed by Armstrong Teasdale in connection with "highly confidential" financial statements ordered produced by the Arbitrator:

> The first two Armstrong Teasdale invoices, one dated February 10, 2021, in the amount of $2,015, and another dated March 8, 2021, in the amount of $1,782.50, were for Armstrong Teasdale's review of Claimant's financial statements. By Order dated November 24, 2021, in response to Respondents' motion to compel, the Tribunal ordered Claimant to produce financial statements for 2018-2020 (Respondents' RFD 27), and on January 18, 2021, in response to another motion to compel by Respondents, the Tribunal ordered Claimant to produce its full year 2020 financial statements. Because Claimant designated its financial statements as HIGHLY CONFIDENTIAL, Respondents' counsel could not ask Respondents' accountant to analyze them. Accordingly, Respondents' counsel sent them to Jeffrey Wurst of Armstrong Teasdale because he has expertise in such matters. Respondents submit that this was reasonable, and that "at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez, supra*. Accordingly, the first two Armstrong Teasdale invoices, totaling $3797.50, should be allowed.

The Tribunal agrees with the foregoing and is persuaded that Respondents' counsel acted reasonably at the time it engaged Armstrong Teasdale to perform work relating to the analysis of Claimant's financial statements designated as "highly confidential" and that at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures.

### Ruling 1

Respondents' Motion for Reimbursement for Legal Fees incurred in the amount of $3,797.50 in connection with Armstrong Teasdale's analysis of Claimant's financial statements together with accrued interest thereon is **GRANTED**.

---

[2] *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992).

The Tribunal next considers the other two Armstrong Teasdale invoices, dated May 10, 2021, and June 15, 2021, and totaling $18,965.88, for research for and drafting of a petition for court confirmation of an anticipated award in Respondents' favor. The Tribunal concludes that because no award had yet been issued at the time Armstrong Teasdale performed the services, such work was not required and was premature in its anticipation of a positive outcome, so a reasonable attorney would not at the time in question have engaged in a similar time expenditure. As noted, an award had not been rendered when the fees in question ($18,965.88) were incurred. I am unconvinced by Respondent USL's argument that a reasonable attorney would have engaged in similar time expenditures to draft the petition to confirm an award in federal court, which Respondent USL asserts were justified by it anticipating an award in its favor based on its counsels' negative evaluation of Claimant's case. The Tribunal agrees with Claimant that there was "no reasonable basis to undertake preparation of a petition in Federal Court confirming an unissued award before Mr. BBQ actually took some action indicating it was seeking to avoid the arbitration award, or at a minimum, no reasonable basis to undertake the work prior to an award being issued." (Claimant's Opposition at III.)

## Ruling 2

Respondents' *Motion for a Partial Award of Attorneys' Fees, Costs and Interest Thereon* relating to the Armstrong Teasdale invoices dated May 10, 2021, and June 15, 2021, totaling $18,965.88, which relate to the drafting of a petition for court confirmation of an unissued, anticipated award in Respondent USL's favor is therefore **DENIED.**

**Ruling 3**

Consequently, Respondent USL is entitled to receive and is hereby awarded reimbursement for legal fees and costs incurred in an amount equal to $1,959,055.23,[3] plus accrued interest thereon in an amount to be determined, which shall be calculated and paid as provided below.

**Issue 2.**

The second issue for the Tribunal to consider is whether Claimant should be ordered to pay fees, costs, and interest prior to a final ruling of the Tribunal on all outstanding issues relating to Claimant's obligations to purchase inventory in accordance with Section 27 of the Agreement.

As noted, the PFA provides for a determination of fees, costs, and interest after a final ruling of the Tribunal on all outstanding issues relating to Claimant's obligations to purchase inventory in accordance with Section 27 of the Agreement.[4]

As further noted, Respondent USL filed its Motion for immediate entry of a partial award of attorneys' fees, costs, and interest thereon on November 7, 2021, with a supporting affidavit signed by Respondent USL's attorney, Martin Pavane, Esq.

---

[3] That sum ($1,959,055.23) is the amount sought by Respondents as fees and costs ($1,978,021.11) less the Armstrong Teasdale invoices dated May 10, 2021, and June 15, 2021 (totaling $18,965.88) that the Tribunal disallowed in this Partial Interim Award.

[4] Paragraphs V.D.-V.E. of the PFA provide:
> Given the Tribunal's findings in this Partial Final Award, Respondents are the prevailing party in this proceeding under Section 22 of the Agreement, and per theparties' agreement are "entitled to [Respondents'] reasonable attorney's fees and costs, including fees for the arbitration and the arbitrator's fees."
> Within 10 days *after a final ruling of the Tribunal on all outstanding issues relating to Claimant's obligations to purchase inventory in accordance with Section 27 of the Agreement* and interest calculations hereunder, Respondents as the prevailing party may file with the Tribunal an application for their claims relating to the Tribunal's award of attorney's fees and costs. (Emphasis added.)

Claimant opposes Respondent USL's Motion on multiple grounds.[5] Most noteworthy is the concern that if Claimant paid the awarded fees, costs, and interest before a determination on inventory issues and subsequently prevailed, Claimant might be owed money by Respondent USL that it likely would be unable to collect.[6]

In support of its Motion, Respondent USL notes that applicable ICDR Rule 29(1)[7] authorizes the Tribunal to issue interim, interlocutory, or partial awards, orders, decisions, and rulings; and in further support of its Motion, cites the parties' agreement to not delay a decision by the Tribunal of fees and costs in exchange for Respondents having agreed to allow Claimant to add an additional claim for a credit balance. (See November 10, 2021, Order at 1-2.)

Having considered the parties' arguments, the Tribunal is of the view that for the reasons stated in the motion noted above, and particularly in light of ICDR Rule 29(1), and further given the probable and unexpectedly lengthy audit proceedings to be undertaken going forward that will undoubtedly delay payment of the awarded fees, costs, and interest, it seems to the Tribunal appropriate and fair that payment of some portion of the legal fees, costs, and interest awarded to Respondent USL should be paid by Claimant before a final ruling of the Tribunal on all outstanding

---

[5] Claimant also opposes Respondent USL's motion on the ground that the issue regarding the time for payment of fees, costs, and interest was already decided in paragraph V of the PFA. While not objecting to the quantum of fees and costs to be found owing by it as determined by the Tribunal, Claimant states that it "does, however, object to any requirement that Claimant pay said fees, costs and/or interest prior to the rendering of a final award in this matter." (Claimant's Opposition at 1.)

[6] In this regard, Claimant states that if it "prevails on the inventory claim, then given Claimant's credit of $556,179.92, it will be the Respondent that owes the Claimant money. In that event, Claimant will be very unlikely to collect on the award from the Respondent who is based in Hong Kong and apparently in such desperate financial condition that is on the verge of going out of business despite the fact that Claimant has recently paid them over $5,000,000.00 in accordance with the PFA. Clearly that outcome would be unjust." (Claimant's Opposition at I.)

[7] Applicable ICDR Rule 29(1) in effect June 1, 2014, provides: "In addition to making a final award, the tribunal may make interim, interlocutory, or partial awards, orders, decisions, and rulings." Respondent USL's motion seeks a partial final award.

issues relating to Claimant's obligations to purchase inventory in accordance with Section 27 of the Agreement.

That said, the Tribunal acknowledges Claimant's concerns outlined above.

**Ruling 4**

Therefore, the Tribunal awards Respondent USL $1,959,055.23, plus accrued interest thereon in an amount to be determined as noted in **Issue 1** above, which shall be payable to Respondent USL as follows: $1,402,875.31 of the awarded sums plus accrued interest thereon, calculated as set forth in **Ruling 5** below, shall be paid to Respondent USL within 10 days following the date hereof; and the balance of $556,179.92 plus accrued interest as calculated in **Issue 3** below shall be placed in a separate, segregated, interest-bearing, New York-based escrow account agreed by the parties with escrow instructions to be approved by the Tribunal or, if no agreement is reached, in an escrow account (and with escrow instructions) designated and approved by the Tribunal, such sums to be deposited in escrow concurrently with the payment to Respondent USL referenced herein. The escrowed sums shall be paid in accordance with the directions contained in the Tribunal's final award of fees, costs, and interest. Such award shall be subject to the Tribunal's discretionary rulings relating to offset and adjustment as contained in the Tribunal's final award.

**Issue 3.**

The third issue before the Tribunal is whether any interest awarded on Respondent's legal fees should accrue from the date that the Tribunal sets the total amount of legal fees reimbursable as set forth in V.E. of the PFA or, as argued by Respondent USL, from the date it was determined that

Respondents were the "prevailing party," which determination was made in the PFA dated June 9, 2021.

Claimant asserts that "any interest awarded on Respondent's legal fees should accrue from the date that the Tribunal sets the total amount of legal fees reimbursable and not from the date of the PFA." As noted, Respondent USL argues that interest on the award issued on fees and costs should run from June 9, 2021, the date the Tribunal determined that Respondents are the prevailing parties and entitled to recover their attorney's fees and costs. (PFA at p. 22.)[8] Both sides cite case law in support of their positions.

Having read and considered the cases cited by the parties, I observe that while the cases cited by Claimant refer to a federal statute (28 U.S.C. § 1961), the cases cited by Respondent USL refer to applicable New York law. (See fn 8.)

**Ruling 5**

Because New York law provides for the running of interest from the date that the Tribunal found Respondents to be the "prevailing party" for purposes of calculating interest in this proceeding, interest shall be deemed to accrue as of June 9, 2021. For clarity, interest on the partial award of fees and costs above should run from June 9, 2021, the date the Tribunal determined that Respondents are the prevailing parties and entitled to recover their attorneys' fees and costs, until paid to Respondent

---

[8] Respondents cite the following New York case law in support of their assertion that under New York law, interest is computed from the date that a respondent is found to be the prevailing party entitled to fees, costs, and interest: *Ross v. Congregation B'Nai Abraham Mordechai*, 12 Misc. 3d 559, 574; 814 N.Y.S.2d 837, 849 (2006) ("The entitlement to interest accrues, . . . from the date petitioner prevailed in the underlying proceeding."); *Solow Management Corp. v. Tanger*, 19 A.D.3d 225, 227 (1st Dep't 2005) ("The calculation of prejudgment interest on the fee award here should be from . . . the date the court determined that plaintiff had prevailed on its claim and was therefore entitled to an award of attorneys' fees."); *119 Hous. Corp. v. Jimco Restoration Corp.,* 77 A.D.3d. 502, 503 (1st Dep't 2010) ("Contrary to Jimco's contention, prejudgment interest on the attorneys' fee claim was properly awarded from the date of the underlying judgment on plaintiff's breach of contract claim and not from the date of the instant judgment.").

USL. (PFA at p. 22.) Interest shall be calculated at the rate of 9 percent per annum in accordance with CPLR § 5004.

## Second Partial Final Award

For the reasons stated above, I award and order as follows:

1. The PFA dated June 9, 2021(corrected July 9, 2021) is incorporated by reference.

2. Within 10 days from the date of transmittal of this Second Partial Final Award to the parties, Claimant shall pay to Respondent the sum of US$1,402,875.31 for attorneys' fees and costs plus accrued interest thereon, to be calculated as set forth below.

3. The balance of US$556,179.92 plus accrued interest as calculated below shall be placed in a separate, segregated, interest-bearing, New York-based escrow account agreed by the parties with escrow instructions to be approved by the Tribunal or, if no agreement is reached, in an escrow account (and with escrow instructions) designated and approved by the Tribunal, such sums to be deposited in escrow concurrently with the payment to Respondent USL referenced in paragraph 2 above. Payment of the escrowed sums shall be addressed in the Tribunal's final award. Such award shall be subject to the Tribunal's further discretionary rulings relating to offset and adjustment. The parties are directed to meet and confer regarding the escrow account issues as set out above and regarding the calculation of interest--which calculation shall be determined in accordance with the above rulings--and jointly advise the Tribunal of their positions within seven days from the date of transmittal of this Second Partial Final Award to the parties.4. The Tribunal reserves the right and retains jurisdiction to consider all outstanding issues as outlined above and in the PFA, as well as the allocation of the AAA-ICDR's administrative fees and the Tribunal's compensation fees, and to then

render its Final Award on these outstanding issues. The findings made by the Tribunal here are the findings necessary to support this Second Partial Final Award. Any failure to address a specific argument or cite some particular evidence or authority that either party cited should not be taken as an indication that the Tribunal did not consider the evidence and authority. In fact, my review of the record has been extensive and comprehensive, and all claims and defenses were given careful and full consideration in arriving at this Second Partial Final Award.

I hereby certify that, for purposes of Article I of the New York Convention of 1958, on the Recognition and Enforcement of Foreign Arbitral Awards, this Second Partial Final Award was made in New York, New York, United States of America.

*Stephen S. Strick*                                                                                      Date: December 3, 2021
Stephen S. Strick, Arbitrator


I, Stephen S. Strick, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument, which is my Second Partial Final Award.

*Stephen S. Strick*                                                                                      Date: December 3, 2021
Stephen S. Strick