# Exhibit I

# Report of Case Management Hearings and Procedural and Scheduling Order No 1

# AMERICAN ARBITRATION ASSOCIATION

## INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION

| | |
|---|---|
| In the matter of arbitration:<br><br>*Mr. Bar-B-Q Products, LLC*<br>"Claimant"<br><br>-*vs*-<br><br>*United Square Limited and Wayne Margolin*<br>"Respondents/Counterclaimants" | **ICDR Case Number  01-0005-4914**<br><br>**Report of Case Management Hearings and Procedural and Scheduling Order 1** |

In accordance with the rules and procedures as stated hereinbelow, the duly appointed undersigned arbitrator, Stephen S. Strick, FCI*Arb,* (the "arbitrator or the "tribunal") and the parties through their counsel met and conferred via telephone conferences on August 10, 17, and 20, 2020 and discussed case management and procedural issues relating to the captioned arbitration.  The parties are represented by Mark Stumer, Esq. of Mark Stumer and Associates, P.C., representing Claimant and Martin Pavane and Ed Chin, Esqs. of the law firm Davis Firm, P.C.  representing Respondents/Counterclaimants.  Elizabeth Robertson appeared during the calls on behalf of the ICDR.

The parties having agreed on such calls and thereafter to the issues set forth in this Order; and each party having heretofore received a draft copy of this Order has had an opportunity to comment on the draft order  and the attached Procedural Schedule.  Having heard the parties, the tribunal hereby confirms the parties' agreements and further orders and directs as follows:

1. ADMINISTRATION/APPLICABLE RULES AND LAW

    a. This arbitral proceeding shall be administered by the International Centre for Dispute Resolution (the "ICDR");

    b. The ICDR International Dispute Resolution Procedures and Rules Amended and Effective June 1, 2014 shall apply; and

    c. The arbitration shall be governed by New York substantive and procedural law (without regard to NY conflicts of law) as well as the applicable law of the Federal Arbitration Act and 35 US Code pertaining to patent and patent infringement claims and defenses.

    d. Stephen S. Strick is approved by all parties as the sole arbitrator in this matter.

2. DIRECT EXCHANGE OF DOCUMENTS/COMMUNICATIONS WITH ARBITRATOR:

    a. The parties have agreed to the direct exchange of documents; therefore, there shall be no *ex parte* communications with the arbitrator; any party communicating with the arbitrator shall do so in the presence of the other party, and any written communication sent to the arbitrator by a party shall also be sent concurrently to opposing counsel with a copy also sent concurrently to the ICDR case manager (see address in b. below).

    b. Any party seeking to communicate with the tribunal, shall do so by e-mail to the arbitrator at sstrick@arbitratemediate.org with a copy sent concurrently to the ICDR at Robertsone@adr.org;

2

    c. A submission by a party to the tribunal shall be accompanied by copies of all documentary evidence, legal authority and other material to which reference is made in the submission;

    d. If a submission is due on a certain day, the submission shall be filed with the tribunal and served on the other party by 5:00 pm Eastern Time, on that day (the time stamp on the e-mail transmitting the submission shall control); and

    e. The parties shall provide the tribunal with Word and PDF copies of all submissions. All submissions shall be in 12-point type, 1.5-line spaced and if in hard copy, submissions shall be printed on one side of a page only.

3. <u>JURISDICTION</u>

    a. The controlling arbitration provision conferring jurisdiction on this tribunal in this proceeding is paragraph 22 of the Services Agreement between the parties effective as of July 27, 2018.

    b. On August 20, 2020, Respondents/Counterclaimants' counsel advised the tribunal that individual Respondent/Counterclaimant, Mr. Wayne Margolin had agreed to accept the jurisdiction of this tribunal in the present arbitral proceeding. Mr. Margolin is therefore a party Respondent and is subject to the applicable rules governing this proceeding as well as all, rulings, findings and awards of the tribunal. Any claims to be filed against Mr. Margolin during the pendency of this arbitration (that are not presently included in the arbitration) shall be adjudicated in the arbitration.

4. <u>PRODUCTION SCHEDULE</u>

The parties have met and conferred and provided the tribunal with suggested dates for pre-hearing, hearings and post-hearing deadlines for key matters applicable to this proceeding (the "Procedural Schedule"). The dates set forth in the Procedural Schedule attached hereto as Schedule 1 are approved by the tribunal. The approved dates may be amended from time to time, but only with the written approval of the arbitrator and any such amended schedule shall be re-numerated as successive attachments to this Procedural Order 1(e.g. as Schedule 2, Schedule 3, ad sequence).

Any party seeking to change the pre-hearing or hearing schedule must make application to the arbitrator (in a letter not more than three (3) pages in length) requesting the change. The letter shall include a showing of good cause and an indication of whether or not the other party consents. The other party may promptly respond in a letter, not more than three (3) pages in length, but there will be <u>*no*</u> further submissions by either side unless requested by the arbitrator.

5. <u>ANSWERS TO CLAIMS/COUNTERCLAIMS</u>

Respondents/Counterclaimant has filed its Answer in this matter on August 21, 2020. Claimant shall file its Answer to Respondents/Counterclaimant's counterclaims on or before August 27, 2020. The parties' claims and counterclaims and responses thereto heretofore filed and those to be filed by August 27, 2020 shall fully set forth the parties' positions thereon. Either party may amend its claims or counterclaims on or before the deadlines set forth in the Procedural Schedule. The opposing/non-amending party shall have five (5) business days to respond to any such amendment.

6. <u>EVIDENTIARY HOLD</u>

The parties, and all persons under the control of any party, shall during the pendency of this arbitration, any and all court proceedings relating to this arbitration and any limitations periods applicable to such court proceedings, retain and preserve all records, including but not limited to all documents (whether written, electronic or otherwise), which are or may be relevant to this Arbitration (the "Hold"). Counsel for the parties have confirmed on the August 10, 2020 call with the arbitrator that they have informed the parties of the substance of the Hold and directed their party clients that they should take steps to prevent the destruction of all material to which the Hold applies. If any party has an automatic document deletion/destruction program in place that system should be overridden during the period of the Hold.

7. <u>CONFIDENTIALITY/CYBER-SECURITY MEASURES</u>

The parties have agreed to, and the tribunal has approved the terms of the Confidentiality Agreement as of August 22, 2020. The parties acknowledge that as of the date of this Order they have elected not to implement or require any cyber-security procedures.

8. <u>DISPOSITIVE MOTIONS</u>

==No dispositive motion shall be made except with the permission of the tribunal and except upon a showing that the motion is likely to succeed and dispose of or narrow the issues in the case. Any application for permission to make a dispositive motion must be filed with the tribunal and served on the other party by the date set out in the Procedural Schedule. The opposing party shall have five (5) business days to file and serve its response thereto.==

9. <u>WITNESS LISTS</u>

On or before the dates set out in the Procedural Order, each party shall serve on the other party and file with the tribunal a preliminary list of those fact and expert witnesses which the party expects to call at the hearings in this matter for its case-in-chief (as hereinafter defined). Such list shall include for each witness: (i) whether the witness is fact or expert witness and (ii) identification of whether a fact witness is a third-party witness. Such disclosures shall be without prejudice to either party to (i) call additional witnesses (at the discretion of the tribunal upon reasonable good cause shown) or (ii) to refrain from calling identified witnesses.

10. <u>DOCUMENT PRODUCTION</u>

Counsel shall confer and cooperate with one another with respect to the most efficient means of exchanging documents (including electronically stored documents) that are *relevant and necessary* to prove their claims and counterclaims asserted in this proceeding. Each side shall serve upon the other, its request for the production of documents, which documents shall be produced and delivered to the office of opposing counsel in accordance with Schedule 1. Any objection to the opposing party's request shall be communicated promptly to opposing counsel in writing, but in no event shall such objection be made later than the date agreed in the Procedural Schedule. Counsel will meet and confer promptly following any such objection and attempt to resolve any issues with respect to document production. If there are any disagreements with respect to such documents, after a good faith attempt to resolve the issues between them, counsel will promptly refer such issue(s), if any, to the arbitrator for resolution.

6

a. Any documents withheld from production on the stated grounds of attorney-client privilege or work-product immunity must be scheduled on a privilege log. The deadline for serving the log is the date by which the withheld documents would otherwise have been produced. The log must indicate for each withheld document: (i) its nature (e.g., email, letter, attorney notes), date, and, if applicable, title/reference line, (ii) the names of all creators/senders and recipients (including cc and bcc recipients), (iii) an indication of which of its creators/senders and recipients, if any, was as of its date an attorney for the withholding party, and an indication of which of its creators/senders and recipients, if any, was as of its date neither an attorney for, nor a party or employee of, the withholding party, (iv) a general description of the document (e.g., "advice from counsel"), and (v) the basis for the privilege or immunity claim if not readily apparent from the other information provided (e.g., "next-to-last email in chain contains advice from counsel to business person and last email in chain forwards and summarizes advice from counsel"). Without a showing of good cause, documents that are not so scheduled on a log that has been served by the deadline will not be excused from production on grounds of privilege or immunity. No party is required to include in a privilege log any documents that are communications between a party (including a party's owner, officer, or employee) and that party's attorney, wherein no third parties were copied on the communications. The parties shall promptly confer and attempt to resolve any dispute regarding a claim of privilege or immunity, and any remaining disputes shall promptly be brought to the arbitrator's attention. The arbitrator may conduct an *in camera* review of documents to settle such disputes.

b. Discovery request documents (e.g., requests for production of documents) and documents (including privilege logs) produced in response to discovery requests shall *not* be sent to the arbitrator or the ICDR unless a particular discovery request or produced document is the subject of a dispute that requires adjudication by the arbitrator or unless otherwise ordered.

c. The parties shall endeavor, in good faith, to continue to cooperate in connection with discovery procedures and requests and attempt to themselves resolve any disagreements regarding the exchange of documents. Any unresolved discovery

7

<p style="padding-left: 2em">disputes shall be promptly brought to the arbitrator's attention in writing, with each side stating their position in writing of not more than two pages per issue unless otherwise permitted by the arbitrator upon application to issue a longer position statement.</p>

d. Any party seeking additional discovery beyond that agreed and approved by the arbitrator must **promptly** make application (in a letter not more than three (3) pages in length) to the arbitrator requesting such additional discovery. The letter shall include a showing of good cause and an indication of whether or not the other party consents.

e. The following is the schedule for the production of documents:

  i. Requests for the production of documents (the "Initial Requests") shall be made no later than September 30, 2020. Either party may file and serve an additional request for production of documents (the "Additional Requests") by the date set forth in the Procedural Schedule.

  ii. Responses to the Initial Requests must be filed and served, and documents for which no objection has been made shall be produced to the other party, but not to the tribunal, on a rolling basis but completed no later than by the date set forth in the Procedural Schedule.

  iii. Responses to any Additional Requests must be filed and served, and documents for which no objection has been made shall be produced to the other party, but not to the tribunal, on a rolling basis by no later than by the date set forth in the Procedural Schedule.

  iv. Each produced document shall be "Bates" or equivalently numbered and stamped to uniquely identify each page of such document and the party who produced it.

    v.   ==All motions to compel based upon any response or failure to respond must be filed and served by no later than five (5) business days after the response was served or due, as the case may be.==

11. <u>OTHER DISCOVERY</u>

a. There shall be no interrogatories, demands for admission (except as set forth in the Procedural Schedule) or depositions except for any deposition hereafter permitted by the tribunal. Any application for a deposition must be filed with the tribunal and served on the other party by the date set forth in the Procedural Schedule. Such application shall include a description of the anticipated testimony of the proposed deponent and, if the proposed deponent is a third party, the legal basis on which such deposition may be compelled. The other party shall have five (5) business days to file and serve its response thereto.

b. Unless otherwise permitted by the tribunal, all discovery (including but not limited to any permitted depositions) must be completed by the date set forth in the Procedural Schedule.

c. The parties shall in good faith attempt themselves to resolve any discovery disputes failing which such unresolved dispute shall be promptly submitted to the tribunal for resolution.

12. <u>EXHIBITS</u>

On or before the date provided for in the Procedural Schedule, each party shall file with the tribunal and serve on the other party a list of all exhibits it intends to use in its case-in-chief. By no later than the date provided for in the Procedural Schedule, the parties shall prepare

consolidated set of exhibits, which shall contain only one copy of each of all of both parties' case-in-chief exhibits. The exhibits shall be numbered sequentially. All exhibits in the consolidated set shall be deemed admitted into evidence in this matter unless a party at the time of the preparation of the consolidated set specifically objects to the admission of a particular document and files with the tribunal and serves on the other party such objections by no later than five (5) days thereafter.

The parties shall within five (5) days following the request of the arbitrator, provide the tribunal with a "thumb drive" containing the consolidated set of exhibits. The parties shall jointly create a set of tabbed hearing binders of the consolidated set of exhibits (each numbered and "Bates" or equivalent stamped) with an index listing all exhibits contained therein. Hearing binders or virtual binders shall be provided to the arbitrator on the first day of hearings.

13. WITNESS STATEMENTS

Witness statements for fact, expert and expert rebuttal testimony shall be filed with the tribunal and served upon opposing counsel in accordance with the Procedural Schedule. Such statements shall be admitted in evidence in accordance with this Order and in lieu of direct (but not redirect) testimony in this proceeding.

14. PRE-HEARING BRIEFS

The parties have agreed to filing two rounds of concurrent pre-hearing briefs, each side submitting an opening brief followed by a responsive brief on dates set forth and approved by the tribunal in the Procedural Schedule. The parties' pre-hearing briefs will address all significant disputed legal issues involved in this proceeding, setting forth succinctly each side's legal position and supporting arguments, with copies (preferably in WORD format or, if necessary, in PDF format) of the cited *key* authorities and the cited *key* exhibits. Each brief/position paper should include (i) a discussion,

with specificity and with citation to appropriate authority, regarding what the burden of proof is for each claim and each defense and (ii) an itemized listing of the relief requested and a discussion of the alleged basis for entitlement to each item of relief, including specific citation to the agreements between the parties.

15. <u>HEARINGS ON THE MERITS</u>

Hearings on the merits shall take place on the dates set forth in the Procedural Schedule approved by the tribunal either in person in New York, NY at such location or via electronic means as approved by the arbitrator.

16. <u>STENOGRAPHIC RECORD</u>

A stenographic record shall be made of the evidentiary hearings, the cost of which shall be borne equally in the first instance by the parties but shall be subject to a final award and allocation of costs and expenses in this proceeding.

17. <u>FORM OF AWARD</u>

The parties have agreed that the arbitrator shall provide a form of final award in which the basis for the arbitrator's decisions contain an explanation of his reasoning in reaching his conclusions . The method and manner of paying any monetary sums awarded in this proceeding shall be at the discretion of the arbitrator taking into consideration the parties' views and preferences, the applicable law and controlling contractual agreements.

18,   STATUS CONFERENCES

Either side or the arbitrator may, from time to time, request status conference(s). During these conferences, the parties are free to raise any matter of concern relating to the present proceeding.

19.   ADDITIONAL ADMINISTRATIVE OR OTHER PRE-HEARING MATTERS

Any additional, preliminary and/or administrative matters not specifically addressed herein shall be raised in writing by the parties as promptly as possible, but in no later than ***ten (10) calendar days before the hearings on the merits***.

20.   MISCELLANEOUS

All deadlines and other dates in this Order and the Procedural Schedule shall be strictly enforced and there shall be no postponements except with the advance permission of the Tribunal and then only upon good cause shown.

This Order shall continue in effect unless and until amended/superseded by any subsequent order of the Arbitrator.

*******

Counsel are thanked for the cooperative attitude and courtesy they showed to each other and to the

arbitrator during the preliminary conferences.

ORDERED AS OF AUGUST 22, 2020

*Stephen S. Strick*
Stephen S. Strick, Arbitrator

## **SCHEDULE 1**

**APPROVED PROCEDURAL SCHEDULE 1**

| APPROVED DATES | EVENT |
|---|---|
| By<br><br>August 20, 2020 | Parties submit joint proposed confidentiality agreement. |
| By<br>September 30, 2020 | Parties serve First Requests for Documents.<br><br>Objections to Requests for Documents shall be served no later than 15 days after service of the Requests.<br><br>Documents responsive to the Requests for Documents shall be produced no later than 30 days after service of the Requests. |
| By<br>September 30, 2020 | Parties to serve First Request for Information.<br><br>Each party is limited to 25 Requests for Information, which may only be exceeded in number by agreement of the parties or approval of the Arbitrator upon good cause shown.<br><br>Objections to Requests for Information shall be served no later than 15 days after service of the Requests.<br>APP<br>Responses (which must be under oath/verification) to the Requests for Information shall be served no later than 30 days after service of the Requests. |
| By<br>November 12, 2020 | Parties serve Supplemental Requests for Documents.<br><br>Objections to Supplemental Requests for Documents shall be served no later than 15 days after service of the Supplemental Requests.<br><br>Documents responsive to the Supplemental Requests for Documents shall be produced no later than 30 days after service of the Supplemental Requests. |
| By<br>November 15, 2020 | Deadline for additional or amended claims.  Any additional or amended claim after this date must be supported by a showing of reasonable good cause why it was not filed earlier, that the other party will not be prejudiced, and that this proceeding will not be delayed<br><br>A showing of "Reasonable Good Cause" may include at the Arbitrator's discretion the existence of additional claims being revealed through discovery.] |
| By<br>November 18, 2020 | Parties disclose list of fact witnesses.<br><br>The disclosure shall provide each witness's name, contact information (name, address, telephone number, email address), and a brief description of the subject matter of the witness's knowledge of relevant facts. |
|  | List of expert witnesses. |

15

| | |
|---|---|
| By<br>November 18, 2020 | The disclosure shall provide each expert's name, contact information (name, address, telephone number, email address), a brief description of subject matter of the expert's anticipated testimony, a copy of the expert's most current curriculum vitae and a list of the cases (by name, court, and party represented) in which the expert has provided trial or deposition testimony in the last 3 years. |
| By<br>December 9, 2021 | List of expert rebuttal witnesses.<br><br>The disclosure requirements for expert witnesses also apply to expert rebuttal witnesses. |
| By<br>December 11, 2021 | Parties serve Witness Statements in support of a party's claim and defenses. |
| By<br>December 16, 2021 | Opening Expert Reports (by the party with the burden of proof). |
| By<br>January 13, 2021 | Parties serve Rebuttal Witness Statements addressing the other party's claims and defenses. |
| By<br>January 18, 2021 | Rebuttal Expert Reports |
| By<br>January 21, 2021 | Deadline for supplementing a party's list of fact witnesses if consented by opposing party(ies) or for seeking leave from the Arbitrator to supplement a party's fact witness list if the supplementation is opposed.  A party seeking to supplement its list of fact witnesses must first meet-and-confer with the opposing party(ies) and, if no agreement is reached, seek leave from the Arbitrator and demonstrate reasonable good cause for the proposed supplementation, including an explanation of why the supplemental fact witness could not have been identified earlier.<br><br>Opposing party(ies) shall file an opposition within two (2) business days after the date an application for leave to file a supplemental witness list is filed, and the party seeking leave shall file a reply within two (2) business days after the date the opposition is filed..<br><br>If the motion for leave is granted, a witness statement for each supplemental fact witness approved by the Arbitrator shall be filed within three (3) business |

|  | |
|---|---|
|  | days after the date of the Arbitrator's decision granting leave, and rebuttal witness statements in response to any such supplemental fact witness statement(s) shall be filed within ten (10) days after the date the of Arbitrator's decision granting leave. |
| January 21, 2021 | Deadline for completion of fact discovery, except for any supplemental discovery allowed by the Arbitrator upon a showing of reasonable good cause. |
| By January 25, 2021 | Dispositive motions (movant must first seek leave to file from the Arbitrator and non-moving party shall have 5 days to file its response to said request; leave shall be determined in accordance with the standard set forth in the First Procedural Report)<br><br>Responses to dispositive motions shall be filed no later than 14 days after service of the dispositive motion.<br><br>Replies to dispositive motions shall be filed no later than 14 days after service of the response brief. |
| By February 18, 2021 | Pre-Hearing Opening Briefs and submission of exhibits |
| By February 24, 2021 | Pre-Hearing Responsive Briefs |
| March 1-5, 2021 | Hearing on the Merits |
| 20 days after receipt of Hearing transcripts | Post Hearing Briefs |

SO ORDERED:   *Stephen S. Strick*
      Arbitrator:      Stephen S. Strick

Dated: <u>August 22, 2020</u>

17