# Exhibit K

# Order and Procedures for Virtual Hearing Via Videoconference – ZOOM

AMERICAN ARBITRATION ASSOCIATION

INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION

| | |
|---|---|
| In the matter of arbitration:<br><br>*Mr. Bar-B-Q Products, LLC*<br><br>*"Claimant"*<br><br>*-vs-*<br><br>*United Square Limited and Wayne Margolin*<br><br>*"Respondents/Counterclaimants"* | ICDR Case Number 01-0005-4914<br><br>*<u>Order and Procedures for Virtual</u>*<br><br>*<u>Hearing Via Videoconference –</u>* **ZOOM** |

1. <u>Agreement to Videoconference:</u>

    a. The parties and the Arbitrator agree that the hearing in the above-captioned proceeding will be conducted via Zoom videoconference. This confirms that the hearing will be deemed to have taken place in New York City, New York.

    b. The parties acknowledge that they have made their own investigation into the suitability and adequacy of Zoom for its proposed use for the virtual hearing and of any risks of using Zoom, including any risks regarding security, privacy, or confidentiality, and the parties agree to use Zoom for the hearing.

2. <u>Transcription of Proceeding:</u> The parties and the Arbitrator agree that the proceeding will be transcribed by a court reporter. The parties and the Arbitrator agree that the court reporter's transcript will be the official record of the hearing. Regardless of physical or remote attendance, the court reporter may interrupt counsel, witnesses, or the Arbitrator as needed to clarify items for the record.

3. <u>Technical Aspects:</u>

    a. <u>Invitations to Access Hearing:</u> The ICDR case manager/Arbitrator will invite attendees via email to join the Zoom hearing. To protect the security of the hearing, access to the hearing will be password-protected and limited to authorized attendees only. Hearing attendees should not forward or share the hearing link or password. To facilitate email

invitations for the hearing on March 5, 2021 the parties shall circulate to the ICDR a list of each attendee's name, email address, and phone number (where the attendee will be reachable on the day(s) the attendee attends the hearing).

b. Advance Testing of System:

   i. On March 5, 2021, counsel and the Arbitrator will test the videoconferencing system to ensure that all arbitrators and counsel can connect and that their video and audio systems work (and noting camera settings, lighting, delays/time lags, clarity, volume, feedback, and other sound disruptions).

   ii. Each party is responsible for testing the videoconferencing system with each of the party's witnesses, including any third-party witnesses that party has subpoenaed, who will attend virtually (as opposed to in counsel's offices). Each party also is responsible for ensuring that all logistical requirements of this Order are satisfied.

   iii. The videoconference shall be of sufficient quality so as to allow for clear video and audio transmission of all participants.

   iv. All participants should test their equipment to determine their best audio connection—whether by phone or by computer speakers/microphone, and with or without a headset.

c. Back-Up Conference Call Line: The parties/ICDR shall reserve an optional dial-in conference call number in case one or more participants have poor-quality computer audio (after trying the audio connection by computer—with and without a headset—and by phone).

d. Hearing Participants:

   i. On or before March 5, 2021, each party shall inform the Arbitrator and all other parties/counsel of the names of all persons who will attend, participate in, or be able to hear any communications in the Zoom hearing, including any technicians assisting the party or counsel. The parties agree that no persons will attend, participate, or be allowed to listen to the hearing without the prior consent of all parties and the Arbitrator. If any witness is expected to testify at the hearing in a language other than in English, the counsel offering the witness must inform the other party and the Arbitrator on or before March 5, 2021 and provide an interpreter for the hearing. The opposing party may, at its option, use a check interpreter.

    ii. If the Arbitrator or the parties plan to have a technician present or available to assist the Arbitrator or the parties during the Zoom hearing, the Arbitrator or parties will communicate to counsel and the Arbitrator the technician's name and affiliation at least three (3) days before the hearing.

    iii. Each attendee of the virtual hearing shall disclose at the start of each hearing session all people in the room with the attendee. Should an individual join the attendee after the hearing session has begun, that individual should be identified to counsel and the Arbitrator at the earliest opportunity.

    iv. During the videoconference, the participants (or the witness) shall always be in view of the camera. If two or more people are attending the hearing together in a room, they shall each always be in view of a camera.

    v. At the Arbitrator's request, unknown participants shall identify themselves by showing a piece of identification to the camera or by responding to the Arbitrator's questions regarding their identity.

e. <u>Ensuring Good Audio/Video:</u> Hearing participants shall make best efforts to ensure that there will be clear video and audio transmission during the hearing. Participants should:

    i. Consider steps that may be taken to establish a high-speed internet connection (e.g., if possible, a hard-wired internet connection is generally preferable to a wireless internet connection);

    ii. Use the computer microphone, with or without a headset, for audio transmission or use a phone to dial into the audio portion of the platform (or if necessary, use the back-up conference call number if the computer and platform audio are of poor quality);

    iii. Eliminate any background noise;

    iv. Consider camera positioning and lighting (e.g., avoid sitting near a window; position a light in front of (instead of behind) the participant);

    v. Access Zoom via desktop or laptop rather than by smartphone or tablet;

    vi. Ensure that computing devices are adequately charged and that power cables or back-up batteries are available as may be necessary; and

    vii. Not join the hearing from a public setting or using unsecured, public wi-fi to ensure the privacy and security of the hearing.

    f. All counsel shall endeavor to speak one at a time and not while another is speaking, other than as may be required to interpose an objection to a question asked or to alert other participants to technical difficulties.

    g. All participants who are not actively being questioned as a witness, asking questions of a witness, defending a witness, or providing or responding to opening statements, closing arguments, or other arguments shall maintain their audio on mute to limit potential interruptions. The videoconference host and co-host (if any) also will have the ability to mute and unmute any participant if needed.

    h. For each participant in the hearing, there shall be sufficient microphones to permit amplification of the participant's voice, as well as sufficient microphones to permit accurate transcription or recording of the participant's speech as appropriate.

    i. Each participant in the hearing shall have accessible a computer or other device with email and a printer to which the device can print exhibits or other documents if needed.

4. <u>Witnesses and Exhibits</u>:

    a. With the exception of the parties' corporate representatives and expert witnesses, who may attend the entirety of the hearing, all witnesses must be sequestered until they testify. If testimony is to be video-recorded, witnesses shall be advised in advance by the party calling them that their testimony will be recorded.

    b. Witnesses should follow the practices listed below:

        i. A witness shall give evidence sitting at an empty desk or table, and the witness's face shall be clearly visible in the video.

        ii. To the extent possible, the webcam should be positioned at face level, relatively close to the witness (e.g., by positioning a laptop on a stack of books).

        iii. Witnesses may not use a "virtual background." Instead, the remote venue from which they are testifying must be visible.

        iv. Witnesses should speak directly to the camera while testifying.

        v. Witnesses should avoid making quick movements while testifying.

        vi. All non-party or expert witnesses shall sign off from the Zoom session at the conclusion of their testimony.

c. At any time, the Arbitrator may ask a witness to orient his or her webcam to provide a 360-degree view of the remote venue to confirm that no unauthorized persons are present. Any authorized persons (counsel, etc.) in the room with the witness must be identified at the start of the witness's testimony.

d. In accordance with this Order, the Arbitrator will instruct each witness about: (i) what to do in the event of a disconnection or other technical failure; and (ii) the impermissibility of any unauthorized observers or recordings of the hearing.

e. <u>Hearing Exhibits</u>:

   i. During the hearing, each witness may bring a clean, unannotated copy of his or her witness statement (if any) and exhibits thereto (if any). At any time, the Arbitrator may ask a witness to display the set of exhibits and/or witness statement and verify that they do not bear any annotations. **Witnesses shall not be aided by any notes**, unless permitted by the Arbitrator upon motion for good cause.

   ii. Each party may use a third-party exhibit technician(s) to assist with uploading and sharing exhibits with counsel, witnesses, and the Arbitrator via Zoom or a third-party service. The parties may also agree on using a shared virtual document repository (i.e., document server, cloud service such as Dropbox) to be made available via computers at all authorized participants' locations, provided that the parties use best efforts to ensure the security of the documents (i.e., from unlawful interception or retention by third parties). A separate display screen/window (other than the screen/window used to display the video transmission) shall be used to show and display the relevant documents to the witness during questioning.

5. <u>Hearing Schedule and Logistics</u>:

   a. The hearing shall commence on March 9, 2021, at 2:00 p.m. Eastern Standard Time, with morning, lunch, and afternoon recesses at such times as the Arbitrator determines in his discretion are appropriate. The hearing shall continue on <u>four consecutive business days through March 12, 2021</u>, or later as may be necessary. It is recommended that all participants access the virtual hearing room early each day of the hearing. The Arbitrator may take additional recesses and adjust the hearing schedule, in his discretion, to facilitate a smooth and efficient hearing.

   b. The hearing schedule and the daily schedule may be adjusted by the Arbitrator to take into account that extra time may be needed to accommodate witnesses,

    counsel, or the Arbitrator, all of whom will be appearing via Zoom from various times zones around the world, or if technical problems cause delays.

    c. Upon joining the Zoom hearing, participants will be admitted to a virtual waiting room. The Arbitrator will admit all participants to the hearing at the same time. To avoid delay and difficulty reconnecting, hearing attendees should not disconnect from the Zoom meeting during any recess. However, lines may be muted during this time, and the Arbitrator may move participants to virtual "break-out" rooms or the virtual waiting room.

    d. The Arbitrator may, at his discretion, disable the private "chat" function in Zoom. The Arbitrator may use a virtual break-out room to confer privately. The Arbitrator may also use virtual break-out rooms to facilitate private conversations between other case participants as may be appropriate (e.g., upon request, to allow members of a party's legal team to confer with each other directly, outside the presence of the Arbitrator/panel and witnesses).

6. <u>Technical Failure:</u>

    a. Should one party's or participant's videoconferencing connection fail, the Arbitrator may, at his discretion, ask the counsel remaining on the videoconference to mute their audio and to turn off their video to avoid concerns regarding potential ex parte communications. Once the Arbitrator sees that the dropped participant has rejoined the videoconference, the remaining counsel should unmute their audio and turn on their video.

    b. If a participant is disconnected from the videoconference or experiences some other technical failure and connection cannot be re-established within a 5-minute interval:

        i. The Arbitrator may take steps to "pause" the hearing, which may include moving participants into a virtual waiting room or one or more separate break-out rooms, and the parties agree to pause proceedings as needed to accommodate any reconnections or technical issues; and

        ii. Such participant shall email all hearing attendees, by "replying all" to the Zoom invitation circulated by the Arbitrator and shall monitor email for any further instructions from the Arbitrator/panel.

    c. If the videoconferencing system fails to work such that the hearing cannot take place as scheduled, or if the Arbitrator determines that the videoconferencing system otherwise does not allow the parties to adequately present their cases or that it would be unfair to any party to continue the hearing via videoconference,

    the Arbitrator may reschedule the hearing or take any other appropriate steps necessary to ensure the fairness and integrity of the proceedings.

7. <u>Costs of Videoconferencing:</u> The parties agree that the costs of using Zoom for the hearing will in the first instance be borne equally between them, 50 percent to Claimant and 50 percent to Respondents. For the avoidance of doubt, the parties agree that those costs are included in the costs of the arbitration, as specified in the applicable Rules and are subject to allocation by the Arbitrator in any final award.

This Order shall continue in effect unless and until amended or superseded by any subsequent order of the Arbitrator.

                                      ORDERED AS OF MARCH 8, 2021

                                      *Stephen S. Strick*
                                      Stephen S. Strick, Arbitrator