# MARK B. STUMER & ASSOCIATES PC

ATTORNEYS AT LAW

306 FIFTH AVENUE
PENTHOUSE
NEW YORK, NEW YORK 10001

PHONE (212) 633-2225
FAX (212) 691-3642

**APPLICATION DENIED**
**SO ORDERED** _[signature]_
**VERNON S. BRODERICK**
**U.S.D.J.** 01/03/2022

Respondent's application to seal Docs. 3-1 and 3-3, (Doc. 11), is DENIED without prejudice to renewal if Respondent can demonstrate on or before January 10, 2022, with legal authority, countervailing factors that overcome the presumption in favor of public access to judicial documents, where those judicial documents form the basis of the court's adjudication.  See, e.g., Fung-Schwartz v. Cerner Corporation, 2021 WL 4776461 (S.D.N.Y., Oct. 12, 2021).

**VIA ECF**

December 30, 2021

Judge Vernon S. Broderick
United States District Court
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

Re:    In the Matter of arbitration:
       Union Square Limited v. Mr. Bar-B-Q Products LLC
       Case No. 1:21-cv-11032

       **Emergency Request to Seal Petition Exhibits A and C**

Dear Judge Broderick:

Respondent Mr. Bar-B-Q Products LLC moves to seal Exhibits A and C to Union Square Limited's ("USL") petition filed last Thursday December 23, 2021.  Exhibits A and C to the petition are confidential Partial Final Awards issued by an International Centre for Dispute Resolution ("ICDR") Tribunal.

The ICDR Rules are annexed hereto as Exhibit A.  Pursuant to Article 40 of the ICDR Procedures ("Confidentiality") all arbitration awards are required to be kept confidential unless otherwise agreed to by the parties.  *See, ICDR Article 40(3)*.  The purpose of the Rule is to encourage parties to resolve their disputes confidentially by arbitration instead in public in courts of law.  That, in turn, reduces the burden placed on our court system.   In addition to ICDR Rule

40, on October 14, 2021, the Tribunal specifically ordered Petitioner USL to keep all Tribunal awards confidential.  The Tribunal's October 14, 2021, Order is annexed hereto as Exhibit B.  Note, the arbitration is still active, additional disputes between the parties still need to be resolved by the Tribunal, and no Final Award has issued.

Without informing the ICDR Tribunal or Respondent Mr. Bar-B-Q, Petitioner USL filed this action on Thursday December 23, 2021, and made public two Partial Final Awards (Exhibits A and C).  On Monday evening December 27 Petitioner USL first informed Respondent Mr. Bar-B-Q and the Tribunal that a petition was filed, but did not mention the fact that Exhibits A and C were made public despite the ICDR Rules and the Tribunal's specific Order prohibiting such.  On Wednesday morning December 29, 2021, Respondent first learned that Exhibits A and C were not sealed and requested Petitioner to move to file them under seal.  Petitioner refused relying on S.D.N.Y. ECF Rule 6 ("Filing Under Seal and Redacting in Civil and Miscellaneous Cases") and this Court's Individual Rules.  However, those rules do not require that ICDR awards be made public, let alone made public when a petition is first filed. That is particularly important here because USL's petition is fundamentally flawed.  As will be detailed in Respondent's anticipated motion to dismiss, USL's petition is (1) premature as the arbitration is still pending a complete final award is months away; and (2) moot, thus lacking jurisdiction, as there is no amount of money in dispute or other dispute for the Court to decide.  Respondent paid the First Partial Award, *see e.g.*, Petition ¶ 38 "The entire amount awarded in the First Partial Final Award has been paid".  More importantly, Respondent agreed to pay the Second Partial Award with interest.  Indeed, Respondent made its first payment on December 13, 2021, *see, e,g,* Petition ¶ 44 "Mr. BBQ has paid only $252,847.61 of the Second Partial Final Award", is scheduled to pay the remaining payments over the next three months with interest, and is setting up an escrow account to place additional monies.  Put another way, Respondent answered all of Petitioner's "Prayers for Relief".

In view of the above, this Court should seal Exhibits A and C to USL's petition.  If the Court denies Respondent's motion to dismiss and grants USL's petition, the Court can then determine whether it is in the public's interest to unseal Exhibits A and/or Exhibit C.

MARK B. STUMER & ASSOCIATES, P.C.

_____

Mark B. Stumer, Esq. (MS6027)
Attorney for Respondent Mr. Bar-B-Q Products LLC
306 Fifth Ave, Penthouse
New York, New York 10003
(212) 633-2225

SOFER & HAROUN, LLP

_____/s/_____

John M. DiMatteo, Esq. (JD 4704)
Attorney for Respondent Mr. Bar-B-Q Products LLC
215 Lexington Avenue, Suite 1301
New York, NY, 10016
(212) 697-2800  Office
(631) 645-3490  Mobile

# EXHIBIT A



INTERNATIONAL CENTRE
FOR DISPUTE RESOLUTION®

# INTERNATIONAL DISPUTE RESOLUTION PROCEDURES

(Including Mediation and Arbitration Rules)

*Rules Amended and Effective March 1, 2021*

*available online at*
**icdr.org**

# Table of Contents

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

International Mediation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

International Arbitration . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

International Expedited Procedures . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

How to File a Case with the ICDR . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

International Mediation Rules . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

    M-1. Agreement of Parties . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

    M-2. Initiation of Mediation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

    M-3. Representation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

    M-4. Appointment of the Mediator . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

    M-5. Mediator's Impartiality and Duty to Disclose . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

    M-6. Vacancies . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

    M-7. Language . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

    M-8. Duties and Responsibilities of the Mediator . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

    M-9. Mediation Proceedings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

    M-10. Responsibilities of the Parties . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

    M-11. Privacy . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

    M-12. Confidentiality . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

    M-13. No Stenographic Record . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

    M-14. Termination of Mediation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

    M-15. Exclusion of Liability . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

    M-16. Interpretation and Application of Rules . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

    M-17. Deposits . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

    M-18. Expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

    M-19. Costs of Mediation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

International Arbitration Rules . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

    Article 1: Scope of these Rules . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

    Commencing the Arbitration . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

    Article 2: Notice of Arbitration and Statement of Claim . . . . . . . . . . . . . . . . . . . . . . . . 17

    Article 3: Answer and Counterclaim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

    Article 4: Administrative Conference . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

    Article 5: International Administrative Review Council . . . . . . . . . . . . . . . . . . . . . . . . . 19

Article 6: Mediation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  19

Article 7: Emergency Measures of Protection . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  19

Article 8: Joinder . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  21

Article 9: Consolidation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  21

Article 10: Amendment or Supplement of Claim, Counterclaim, or Defense . . . . . . . . . .  23

Article 11: Notices . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  23

The Tribunal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  23

Article 12: Number of Arbitrators . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  23

Article 13: Appointment of Arbitrators . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  23

Article 14: Impartiality and Independence of Arbitrator . . . . . . . . . . . . . . . . . . . . . . . . . . .  24

Article 15: Challenge of an Arbitrator . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  25

Article 16: Replacement of an Arbitrator . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  26

Article 17: Arbitral Tribunal Secretary . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  27

General Conditions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  27

Article 18: Party Representation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  27

Article 19: Place of Arbitration . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  27

Article 20: Language . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  27

Article 21: Arbitral Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  28

Article 22: Conduct of Proceedings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  28

Article 23: Early Disposition . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  29

Article 24: Exchange of Information . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  29

Article 25: Privilege . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  30

Article 26: Hearing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  31

Article 27: Interim Measures . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  31

Article 28: Tribunal-Appointed Expert . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  32

Article 29: Default . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  32

Article 30: Closure of Hearing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  32

Article 31: Waiver . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  32

Article 32: Awards, Orders, Decisions and Rulings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  33

Article 33: Time, Form, and Effect of the Award . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  33

Article 34: Applicable Laws and Remedies . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  33

Article 35: Settlement or Other Reasons for Termination . . . . . . . . . . . . . . . . . . . . . . . . . .  34

Article 36: Interpretation and Correction of Award . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  34

Article 37: Costs of Arbitration . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  35

Article 38: Fees and Expenses of Arbitral Tribunal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  35

Article 39: Deposits . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

Article 40: Confidentiality . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

Article 41: Exclusion of Liability. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

Article 42: Interpretation of Rules. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

International Expedited Procedures . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

Article E-1: Scope of Expedited Procedures . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

Article E-2: Detailed Submissions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

Article E-3: Administrative Conference . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

Article E-4: Objection to the Applicability of the Expedited Procedures . . . . . . . . . . . . 38

Article E-5: Changes of Claim or Counterclaim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

Article E-6: Appointment and Qualifications of the Arbitrator . . . . . . . . . . . . . . . . . . . 38

Article E-7: Procedural Hearing and Order . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

Article E-8: Proceedings by Written Submissions . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

Article E-9: Proceedings with an Oral Hearing. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

Article E-10: The Award. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

Administrative Fees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

Administrative Fee Schedules. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40




# International Dispute Resolution Procedures

(Including Mediation and Arbitration Rules)

## Introduction

The International Centre for Dispute Resolution® ("ICDR®") is the international division of the American Arbitration Association® ("AAA®"). The ICDR provides dispute resolution services around the world in locations chosen by the parties. ICDR arbitrations and mediations may be conducted in any language chosen by the parties. The ICDR Procedures reflect best international practices that are designed to deliver efficient, economic, and fair proceedings.

These Procedures are designed to provide a complete dispute resolution framework for parties to a dispute, their counsel, arbitrators, and mediators. They provide a balance between the autonomy of the parties to agree to the dispute resolution process they want and the need for process management by mediators and arbitrators.

The UNCITRAL (The United National Commission on International Trade Law) Model Law's definition of an international arbitration has been incorporated by the ICDR for the purpose of determining whether a case is international. An arbitration may be deemed international and administered by the ICDR if the parties to an arbitration agreement have:

- their places of business in different countries;
- the place where a substantial part of the obligations of their commercial relationship to be performed is situated outside the country of any party;
- the place with which the subject-matter of the dispute is most closely connected is situated outside the country of any party;
- the place of arbitration is situated outside the country of any party; or
- one party with more than one place of business (including parent and/or subsidiary) is situated outside the country of any party.

Whenever a singular term is used in the International Mediation Rules or International Arbitration Rules, such as "party," "claimant," or "arbitrator," that

term shall include the plural if there is more than one such entity. Whenever any party is not participating, the reference to the "parties" shall mean the participating party or parties.

The English-language version of these Rules is the official text.

## International Mediation

The parties may seek to settle their dispute through mediation. Mediation may be scheduled independently of arbitration or concurrently with the scheduling of the arbitration. In mediation, an impartial and independent mediator assists the parties in reaching a settlement but does not have the authority to make a binding decision or award. The updated International Mediation Rules provide an enhanced framework that allows for a broad range of practices, cultures and approaches towards the resolution of international disputes from parties located around the world.

Features of the International Mediation Rules:

- Focus on how the ICDR will assist the parties in finding and appointing a mediator to best meet their needs;

- More clearly reference the duties and responsibilities of the mediator to expand party participation and authority;

- Contains a rule "Mediation Proceedings," emphasizing party control and a focus on an efficient and effective mediation process by considering a preparatory conference, the use of technology, document exchange, *ex parte* meetings, communications, and more;

- Refer to the Singapore Convention (United Nations Convention on International Settlement Agreements Resulting from Mediation);

- Provide that the parties and the mediator consider compliance and practice related to cybersecurity, privacy, and data protection; and

- The International Arbitration Rules now provide for the presumptive application of the International Mediation Rules during the arbitration proceeding.

The following pre-dispute mediation clause may be included in contracts:

*In the event of any controversy or claim arising out of or relating to this contract, or a breach thereof, the parties hereto agree first to try and settle the dispute by mediation, administered by the International Centre for Dispute Resolution under its International Mediation Rules, before*

*resorting to arbitration, litigation, or some other dispute resolution procedure.*

The parties should consider adding:

    **a.**   *The place of mediation shall be [city, (province or state), country]; and*

    **b.**   *The language of the mediation shall be _____.*

If the parties want to use a mediator to resolve an existing dispute, they may enter into the following submission agreement:

> *The parties hereby submit the following dispute to mediation administered by the International Centre for Dispute Resolution in accordance with its International Mediation Rules. (The clause may also provide for the qualifications of the mediator(s), the place of mediation, and any other item of concern to the parties.)*

## International Arbitration

A dispute can be submitted to an arbitral tribunal for a final and binding decision. In ICDR arbitration, each party is given the opportunity to make a case presentation following the process provided by these Rules and the tribunal.

Features of the International Arbitration Rules:

- Codify the ICDR's practice of having the International Administrative Review Council, which is comprised of current and former ICDR executives, decide arbitrator challenges and other administrative disputes;

- Give the arbitral tribunal the authority to decide issues of arbitrability and jurisdiction without any need to refer such matters first to a court;

- Provide that the parties and tribunal shall discuss in the procedural hearing issues related to cybersecurity, privacy, and data protection;

- Create a presumption that parties will mediate during the arbitration, with any party being able to opt out;

- Allow parties to request permission to submit an early disposition application for issues that have a reasonable possibility of success, will dispose of or narrow issues, or add economy;

- Authorize access to a special emergency arbitrator for urgent measures of protection within three (3) business days of filing with a criteria for the filing party to set forth reasoning why relief is likely to be found and what injury will be suffered if relief is not granted;

- Allow tribunal to manage the scope of document and electronic document requests and to manage, limit, or avoid U.S. litigation-style discovery practices;

- Permit a party or the tribunal to request disclosure of third-party funders and other non-parties;

- Contain express provisions allowing for "video, audio or other electronic means" during the proceedings;

- Provide that electronically-signed orders and awards can be issued unless law, the administrator, or party agreement provides otherwise; and

- Permit a party to request the tribunal make a separate award for any fees the party pays in advance on behalf of another party.

Parties can provide for arbitration of future disputes by inserting the following clause into their contracts:

*Any controversy or claim arising out of or relating to this contract, or the breach thereof, shall be determined by arbitration administered by the International Centre for Dispute Resolution in accordance with its International Arbitration Rules.*

The parties should consider adding:

**a.** *The number of arbitrators shall be (one or three);*

**b.** *The place of arbitration shall be [city, (province or state), country]; and*

**c.** *The language of the arbitration shall be _____.*

For more complete clause-drafting guidance, please refer to the *ICDR Guide to Drafting International Dispute Resolution Clauses* on the Clause Drafting page at **www.icdr.org.** When writing a dispute resolution clause or agreement, the parties may choose to confer with the ICDR on useful options. Please see the contact information provided in How to File a Case with the ICDR. The AAA and ICDR have also developed the ClauseBuilder® **(www.clausebuilder.org)** online tool, a simple, self-guided process to assist individuals and organizations in developing clear and effective arbitration and mediation agreements.

## International Expedited Procedures

The Expedited Procedures provide parties with an expedited and simplified arbitration procedure designed to reduce the time and cost of an arbitration.

The Expedited Procedures shall apply in any case in which no disclosed claim or counterclaim exceeds $500,000 USD exclusive of interest and the costs of arbitration. The parties may agree to the application of these Expedited Procedures on matters of any claim size.

Features of the International Expedited Procedures:

- May apply to cases of any size with party agreement;

- Set forth comprehensive filing requirements;

- Provide for expedited arbitrator appointment process with party input;

- Access to and appointment from an experienced pool of arbitrators ready to serve on an expedited basis;

- Call for an early procedural hearing with the arbitrator requiring participation of parties and their representatives;

- Presume that cases up to $100,000 USD will be decided on documents only;

- Provide for an expedited schedule and limited hearing days, if any; and

- Require an award within 30 calendar days of the close of the hearing or the date established for the receipt of the parties' final statements and proofs.

Where parties intend that the Expedited Procedures shall apply regardless of the amount in dispute, they may consider the following clause:

*Any controversy or claim arising out of or relating to this contract, or the breach thereof, shall be determined by arbitration administered by the International Centre for Dispute Resolution in accordance with its International Expedited Procedures.*

The parties should consider adding:

**a.** *The place of arbitration shall be (city, [province or state], country); and*

**b.** *The language of the arbitration shall be _____.*

## How to File a Case with the ICDR

Parties initiating a case with the International Centre for Dispute Resolution or the American Arbitration Association may file online via AAA WebFile® (File & Manage a Case) at **www.icdr.org,** by email, mail, courier, or facsimile (fax). For filing assistance, parties may contact the ICDR directly at any ICDR or AAA office.

**Mail:**
International Centre for Dispute Resolution Case Filing Services
1101 Laurel Oak Road, Suite 100
Voorhees, NJ, 08043
United States

**AAA WebFile:** www.icdr.org
**Email:** casefiling@adr.org
**Phone:** +1.856.435.6401
**Fax:** +1.212.484.4178
**Toll-free phone in the U.S. and Canada:** +1.877.495.4185
**Toll-free fax in the U.S. and Canada:** +1.877.304.8457

For further information about these Rules, visit the ICDR website at **www.icdr.org** or call +1.212.484.4181.

## International Mediation Rules

### M-1. Agreement of Parties

Whenever parties have agreed in writing to mediate disputes under these International Mediation Rules, or have provided for mediation or conciliation of existing or future international disputes under the auspices of either the International Centre for Dispute Resolution ("ICDR"), the international division of the American Arbitration Association ("AAA"), or the AAA without designating particular rules, they shall be deemed to have made these International Mediation Rules, as amended and in effect as of the date of the submission of the dispute, a part of their agreement. The parties by mutual agreement may vary any part of these Rules including, but not limited to, agreeing to conduct all or part of the mediation via video, audio, or other electronic means.

### M-2. Initiation of Mediation

1. Any party or parties to a dispute may initiate mediation under the ICDR's auspices by filing a request for mediation to any of the ICDR's regional offices or case management centers via email, mail, courier, or fax. Requests for mediation may also be filed online through the ICDR's AAA WebFile at **www.icdr.org** or via email at **casefiling@adr.org.**

2. The party initiating the mediation shall simultaneously notify the other party or parties of the request. The initiating party shall provide the following information to the ICDR and the other party or parties as applicable:

   a. the names, regular mail addresses, email addresses, and telephone numbers of all parties to the dispute and representatives, if any, in the mediation;

   b. a copy of the mediation provision of the parties' contract or the parties' stipulation to mediate;

   c. a brief statement of the nature of the dispute and the relief requested; and

   d. any recommendations for a specific mediator or qualifications the mediator should possess.

3. Where there is no pre-existing stipulation or contract by which the parties have provided for mediation of existing or future disputes under the auspices of the ICDR, a party may request the ICDR to invite another party to participate in "mediation by voluntary submission." Upon receipt of such a request, the ICDR will contact the other party or parties involved in the dispute and attempt to obtain a submission to mediation.

### M-3. Representation

Subject to any applicable law, any party may be represented by persons of the party's choice. The names and addresses of such persons shall be communicated in writing to all parties and to the ICDR.

### M-4. Appointment of the Mediator

The ICDR shall assist the parties in finding a mutually agreeable mediator. If the parties are not able to agree on the appointment of a mediator and have not provided any other method of appointment, the mediator shall be appointed in the following manner:

**a.** Upon receipt of a request for mediation, the ICDR will send to each party a list of mediators from the ICDR's Panel of Mediators. The parties are encouraged to agree on a mediator from the submitted list and to advise the ICDR of their agreement.

**b.** If the parties are unable to agree on a mediator, each party shall strike unacceptable names from the list, number the remaining names in order of preference, and return the list to the ICDR. If a party does not return the list within the time specified, all mediators on the list shall be deemed acceptable. The ICDR shall appoint a mutually acceptable mediator from the list, based upon the parties' designated preferences.

**c.** If for any reason the appointment cannot be made from the submitted list, the ICDR shall have the authority to make the appointment from among other members of the Panel of Mediators without the submission of additional lists.

### M-5. Mediator's Impartiality and Duty to Disclose

**1.** ICDR mediators are required to abide by the *Model Standards of Conduct for Mediators* in effect at the time a mediator is appointed to a case. Where there is a conflict between the *Model Standards* and any provision of these Mediation Rules, these Mediation Rules shall govern. The Model Standards require mediators to (i) decline a mediation if the mediator cannot conduct it in an impartial manner, and (ii) disclose, as soon as practicable, all actual and potential conflicts of interest that are reasonably known to the mediator and could reasonably be seen as raising a question about the mediator's impartiality.

**2.** Prior to accepting an appointment, ICDR mediators are required to make a reasonable inquiry to determine whether there are any facts that a reasonable individual would consider likely to create a potential or actual conflict of interest for the mediator. ICDR mediators are required to disclose any circumstance likely to create a presumption of bias or prevent a resolution of the parties' dispute within the time frame desired by the parties. Upon receipt of such disclosures,

the ICDR shall immediately communicate the disclosures to the parties for their comments.

3. The parties may, upon receiving disclosure of actual or potential conflicts of interest of the mediator, waive such conflicts and proceed with the mediation. In the event that a party disagrees as to whether the mediator shall serve, or in the event that the mediator's conflict of interest might reasonably be viewed as undermining the integrity of the mediation, the mediator shall be replaced.

## M-6. Vacancies

If any mediator shall become unwilling or unable to serve, the ICDR will appoint another mediator, unless the parties agree otherwise, in accordance with Rule M-4.

## M-7. Language

If the parties have not agreed otherwise, the language of the mediation shall be that of the documents containing the mediation agreement.

## M-8. Duties and Responsibilities of the Mediator

1. The mediator shall conduct the mediation based on the principle of party self-determination. Self-determination is the act of coming to a voluntary, uncoerced decision in which each party makes free and informed choices as to process and outcome.

2. The mediator does not have the authority to impose a settlement on the parties but will attempt to help them reach a satisfactory resolution of their dispute.

3. The mediator is not a legal representative of any party and has no fiduciary duty to any party.

## M-9. Mediation Proceedings

1. The mediator shall conduct the proceedings with a view to expediting the resolution of the dispute. The mediator may conduct a preparatory conference with the parties promptly after being appointed for the purpose of organizing the proceedings of the case. In establishing procedures for the case, the mediator and the parties may conduct all or part of the mediation via video, audio, or other electronic means to increase the efficiency and economy of the proceedings.

2. The parties are encouraged to exchange all documents pertinent to the relief requested. The mediator may request the exchange of memoranda on issues, including the underlying interests and the history of the parties' negotiations. Information that a party wishes to keep confidential may be sent to the mediator, as necessary, in a separate communication with the mediator.

3. The mediator may conduct separate or *ex parte* meetings and other communications with the parties and/or their representatives, before, during, and after any scheduled mediation conference. Such communications may be conducted in person, in writing, via video, audio or other electronic means.

4. The mediator may make oral or written recommendations for settlement to a party privately or, if the parties agree, to all parties jointly.

5. In the event that a complete settlement of all or some issues in dispute is not achieved within the scheduled mediation conference(s), the mediator may continue to communicate with the parties for a period of time in an ongoing effort to facilitate a complete settlement.

6. Early in the proceeding or at the preparatory conference, the mediator and the parties shall consider cybersecurity, privacy, and data protection to provide for an appropriate level of security and compliance in connection with the proceeding.

## M-10. Responsibilities of the Parties

1. The parties shall ensure that appropriate representatives of each party, having authority to commit to the execution of a settlement agreement, attend the mediation conference.

2. Prior to and during the scheduled mediation conference(s), the parties and their representatives shall, as appropriate to each party's circumstances, exercise their best efforts to prepare for and engage in a meaningful and productive mediation.

## M-11. Privacy

Mediation conferences and related mediation communications are private proceedings. The parties and their representatives may attend mediation conferences. Other persons may attend only with the permission of the parties and with the consent of the mediator.

## M-12. Confidentiality

1. Subject to applicable law or the parties' agreement, confidential information disclosed to a mediator by the parties or by other participants in the course of the mediation shall not be divulged by the mediator. The mediator shall maintain the confidentiality of all information obtained in the mediation, and all records, reports, or other documents received by a mediator while serving in that capacity shall be confidential.

2. The mediator shall not be compelled to divulge such records or to testify in regard to the mediation in any adversary proceeding or judicial forum.

3. The parties shall maintain the confidentiality of the mediation and shall not rely on, or introduce as evidence in any arbitral, judicial, or other proceeding the following, unless agreed to by the parties or required by applicable law:

    **a.**  views expressed or suggestions made by a party or other participant with respect to a possible settlement of the dispute;

    **b.**  admissions made by a party or other participant in the course of the mediation proceedings;

    **c.**  proposals made or views expressed by the mediator; or

    **d.**  the fact that a party had or had not indicated willingness to accept a proposal for settlement made by the mediator.

## M-13. No Stenographic Record

There shall be no stenographic record of the mediation process.

## M-14. Termination of Mediation

The mediation shall be terminated:

    **a.**  By the execution of a settlement agreement by the parties; or

    **b.**  By a written or verbal declaration of the mediator to the effect that further efforts at mediation would not contribute to a resolution of the parties' dispute; or

    **c.**  By a written or verbal declaration of any party to the effect that the mediation proceedings are terminated; or

    **d.**  When there has been no communication between the mediator and any party or party's representative for 21 days following the conclusion of the mediation conference; or

    **e.**  The parties may request the mediator (by signing the settlement agreement or otherwise) or the ICDR to issue an attestation that a settlement was reached in the course of a mediation to assist in the enforcement of such settlement agreement under the United Nations Convention on International Settlement Agreements Resulting from Mediation or other applicable law.

## M-15. Exclusion of Liability

Neither the ICDR nor any mediator is a necessary party in judicial proceedings relating to the mediation. Neither the ICDR nor any mediator shall be liable to any party for any error, act or omission in connection with any mediation conducted under these Rules.

## M-16. Interpretation and Application of Rules

The mediator shall interpret and apply these Rules insofar as they relate to the mediator's duties and responsibilities. All other Rules shall be interpreted and applied by the ICDR.

## M-17. Deposits

Unless otherwise directed by the mediator, the ICDR will require the parties to deposit in advance of the mediation conference such sums of money as it, in consultation with the mediator, deems necessary to cover the costs and expenses of the mediation, and the ICDR shall render an accounting to the parties and return any unexpended balance at the conclusion of the mediation.

## M-18. Expenses

All expenses of the mediation, including required travel and other expenses or charges of the mediator, shall be borne equally by the parties unless they agree otherwise. The expenses of participants for either side shall be paid by the party requesting the attendance of such participants.

## M-19. Costs of Mediation

FOR THE CURRENT ADMINISTRATIVE FEE SCHEDULE, PLEASE VISIT ***www.adr.org/internationalfeeschedule.***

# International Arbitration Rules

## Article 1: Scope of these Rules

1. Where parties have agreed to arbitrate disputes under these International Arbitration Rules ("Rules"), or have provided for arbitration of an international dispute by either the International Centre for Dispute Resolution ("ICDR"), the international division of the American Arbitration Association ("AAA"), or the AAA without designating particular rules, the arbitration shall take place in accordance with these Rules as in effect at the date of commencement of the arbitration, subject to modifications that the parties may adopt in writing. The ICDR is the Administrator of these Rules.

2. These Rules govern the arbitration, except that, where any such rule is in conflict with any provision of the law applicable to the arbitration from which the parties cannot derogate, that provision shall prevail.

3. When parties agree to arbitrate under these Rules, or when they provide for arbitration of an international dispute by the ICDR or the AAA without designating particular rules, they thereby authorize the ICDR to administer the arbitration. These Rules specify the duties and responsibilities of the ICDR as the Administrator. The Administrator may provide services through any of the ICDR's case management offices or through the facilities of the AAA or arbitral institutions with which the ICDR or the AAA has agreements of cooperation. Arbitrations administered under these Rules shall be administered only by the ICDR or by an individual or organization authorized by the ICDR to do so.

4. Unless the parties agree or the Administrator determines otherwise, the International Expedited Procedures shall apply in any case in which no disclosed claim or counterclaim exceeds $500,000 USD exclusive of interest and the costs of arbitration. The parties may also agree to use the International Expedited Procedures in other cases. The International Expedited Procedures shall be applied as described in Articles E-1 through E-10 of these Rules, in addition to any other portion of these Rules that is not in conflict with the Expedited Procedures. Where no party's claim or counterclaim exceeds $100,000 USD exclusive of interest, attorneys' fees, and other arbitration costs, the dispute shall be resolved by written submissions only unless the arbitrator determines that an oral hearing is necessary.

## Commencing the Arbitration

## Article 2: Notice of Arbitration and Statement of Claim

1. The party initiating arbitration ("Claimant") shall, in compliance with Article 11, give written Notice of Arbitration to the Administrator and at the same time to the party against whom a claim is being made ("Respondent"). The Claimant may also initiate the arbitration online through the Administrator's AAA WebFile at **www.icdr.org** or via email at **casefiling@adr.org**.

2. The arbitration shall be deemed to commence on the date on which the Administrator receives the Notice of Arbitration.

3. The Notice of Arbitration shall contain the following information:

   a. a demand that the dispute be referred to arbitration;

   b. the names, addresses, telephone numbers, fax numbers, and email addresses of the parties and, if known, of their representatives;

   c. a copy of the entire arbitration clause or agreement being invoked, and, where claims are made under more than one arbitration agreement, a copy of the arbitration agreement under which each claim is made;

   d. a reference to any contract out of or in relation to which the dispute arises;

   e. a description of the claim and of the facts supporting it;

   f. the relief or remedy sought and any amount claimed; and

   g. optionally, proposals, consistent with any prior agreement between or among the parties, as to the means of designating the arbitrators, the number of arbitrators, the place of arbitration, the language of the arbitration, and whether the party filing the Notice of Arbitration is willing to mediate the dispute prior to or concurrently with the arbitration.

4. The Notice of Arbitration shall be accompanied by the appropriate filing fee.

5. Upon receipt of the Notice of Arbitration, the Administrator shall communicate with all parties with respect to the arbitration and shall acknowledge the commencement of the arbitration.

## Article 3: Answer and Counterclaim

1. Within 30 days after the Administrator confirms receipt of the Notice of Arbitration, Respondent shall submit to Claimant, to any other parties, and to the Administrator a written Answer to the Notice of Arbitration.

2. At the time Respondent submits its Answer, Respondent may make any counterclaims covered by the agreement to arbitrate or assert any setoffs and Claimant shall within 30 days submit to Respondent, to any other parties, and to the Administrator a written Answer to the counterclaim or setoffs.

3. A counterclaim or setoff shall contain the same information required of a Notice of Arbitration under Article 2(3) and shall be accompanied by the appropriate filing fee.

4. Respondent shall within 30 days after the Administrator confirms receipt of the Notice of Arbitration submit to Claimant, to any other parties, and to the Administrator a response to any proposals by Claimant not previously agreed upon, or submit its own proposals, consistent with any prior agreement between or among the parties, as to the means of designating the arbitrators, the number of arbitrators, the place of the arbitration, the language of the arbitration, and whether Respondent is willing to mediate the dispute prior to or concurrently with the arbitration.

5.  The arbitral tribunal, or the Administrator if the tribunal has not yet been constituted, may extend any of the time limits established in this Article if it considers such an extension justified.

6.  Failure of Respondent to submit an Answer shall not preclude the arbitration from proceeding.

7.  In arbitrations with multiple parties, Respondent may make claims or assert setoffs against another Respondent and Claimant may make claims or assert setoffs against another Claimant in accordance with the provisions of this Article 3.

## Article 4: Administrative Conference

The Administrator may conduct an administrative conference before the arbitral tribunal is constituted to facilitate party discussion and agreement on issues such as arbitrator selection, mediating the dispute, process efficiencies, and any other administrative matters.

## Article 5: International Administrative Review Council

When the Administrator is called upon to act under these Rules, the Administrator may act through its International Administrative Review Council (IARC) to take any action. Such actions may include determining challenges to the appointment or continuing service of an arbitrator, deciding disputes regarding the number of arbitrators to be appointed, or determining whether a party has met the administrative requirements to initiate or file an arbitration contained in the Rules. If the parties do not agree on the place of arbitration, the IARC may make an initial determination as to the place of arbitration, subject to the power of the arbitral tribunal to make a final determination.

## Article 6: Mediation

Subject to (a) any agreement of the parties otherwise or (b) the right of any party to elect not to participate in mediation, the parties shall mediate their dispute pursuant to the ICDR's International Mediation Rules concurrently with the arbitration.

## Article 7: Emergency Measures of Protection

1.  A party may apply for emergency relief before the constitution of the arbitral tribunal by submitting a written application to the Administrator and to all other parties setting forth:

    a.  the nature of the relief sought;

    **b.**  the reasons why such relief is required on an emergency basis before the tribunal is appointed;

    **c.**  the reasons why the party is likely to be found to be entitled to such relief; and

    **d.**  what injury or prejudice the party will suffer if relief is not provided.

The application shall be submitted concurrent with or following the submission of a Notice of Arbitration. Such application may be filed by email, or as otherwise permitted by Article 11, and must include payment of any applicable fees and a statement certifying that all parties have been notified or an explanation of the steps taken in good faith to notify all parties.

**2.**  Within one business day of receipt of the application for emergency relief as provided in Article 7(1), and upon being satisfied that the requirements of Article 7(1) have been met, the Administrator shall appoint a single emergency arbitrator. Upon accepting appointment, a prospective emergency arbitrator shall, in accordance with Article 14, disclose to the Administrator any circumstances that may give rise to justifiable doubts as to the arbitrator's impartiality or independence. Any challenge to the appointment of the emergency arbitrator must be made within one business day of the communication by the Administrator to the parties of the appointment of the emergency arbitrator and the circumstances disclosed.

**3.**  The emergency arbitrator shall as soon as possible, and in any event within two business days of appointment, establish a schedule for consideration of the application for emergency relief. Such schedule shall provide a reasonable opportunity to all parties to be heard and may provide for proceedings by telephone, video, written submissions, or other suitable means, as alternatives to an in-person hearing. The emergency arbitrator shall have the authority vested in the arbitral tribunal under Article 21, including the authority to rule on the emergency arbitrator's jurisdiction, and shall resolve any disputes over the applicability of this Article.

**4.**  The emergency arbitrator shall have the power to order or award any interim or conservatory measures that the emergency arbitrator deems necessary, including injunctive relief and measures for the protection or conservation of property. Any such measures may take the form of an interim award or an order. The emergency arbitrator shall give reasons in either case. The emergency arbitrator may modify or vacate the interim award or order. Any interim award or order shall have the same effect as an interim measure made pursuant to Article 27 and shall be binding on the parties when rendered. The parties shall undertake to comply with such an interim award or order without delay.

**5.**  The emergency arbitrator shall have no further power to act after the arbitral tribunal is constituted. Once the tribunal has been constituted, the tribunal may affirm, reconsider, modify, or vacate the interim award or order of emergency relief issued by the emergency arbitrator. The emergency arbitrator may not serve as a member of the tribunal unless the parties agree otherwise.

           

6. Any interim award or order of emergency relief may be conditioned on provision of appropriate security by the party seeking such relief.

7. A request for interim measures addressed by a party to a judicial authority shall not be deemed incompatible with this Article 7 or with the agreement to arbitrate or a waiver of the right to arbitrate.

8. The costs associated with applications for emergency relief shall be addressed by the emergency arbitrator, subject to the power of the arbitral tribunal to determine finally the allocation of such costs.

## Article 8: Joinder

1. A party wishing to join an additional party to the arbitration shall submit to the Administrator a Notice of Arbitration against the additional party. No additional party may be joined after the appointment of any arbitrator, unless (a) all parties, including the additional party, otherwise agree, or (b) the arbitral tribunal once constituted determines that the joinder of an additional party is appropriate, and the additional party consents to such joinder. The party wishing to join the additional party shall, at that same time, send the Notice of Arbitration to the additional party and all other parties. The date on which such Notice of Arbitration is received by the Administrator shall be deemed to be the date of the commencement of arbitration against the additional party. Any joinder shall be subject to the provisions of Articles 13 and 21.

2. The request for joinder shall contain the same information required of a Notice of Arbitration under Article 2(3) and shall be accompanied by the appropriate filing fee.

3. The additional party shall submit an Answer in accordance with the provisions of Article 3.

4. The additional party may make claims, counterclaims, or assert setoffs against any other party in accordance with the provisions of Article 3.

## Article 9: Consolidation

1. At the request of a party or on its own initiative, the Administrator may appoint a consolidation arbitrator, who will have the power to consolidate two or more arbitrations pending under these Rules, or these and other arbitration rules administered by the AAA or ICDR, into a single arbitration where:

   a. the parties have expressly agreed to appoint a consolidation arbitrator; or

   b. all of the claims and counterclaims in the arbitrations are made under the same arbitration agreement; or

   c. the claims, counterclaims, or setoffs in the arbitrations are made under more than one arbitration agreement; the arbitrations involve the same or related parties; the disputes in the arbitrations arise in connection with the same legal relationship; and the arbitration agreements may be compatible.

2. A consolidation arbitrator shall be appointed as follows:

   a. The Administrator shall notify the parties in writing of its intention to appoint a consolidation arbitrator and invite the parties to agree upon a procedure for the appointment of a consolidation arbitrator.

   b. If the parties have not within 15 days of such notice agreed upon a procedure for appointment of a consolidation arbitrator, the Administrator shall appoint the consolidation arbitrator.

   c. Absent the agreement of all parties, the consolidation arbitrator shall not be an arbitrator who is appointed to any pending arbitration subject to potential consolidation under this Article.

   d. The provisions of Articles 14-16 of these Rules shall apply to the appointment of the consolidation arbitrator.

3. In deciding whether to consolidate, the consolidation arbitrator shall consult the parties, may consult the arbitral tribunal(s), and may take into account all relevant circumstances, including:

   a. applicable law;

   b. whether one or more arbitrators have been appointed in more than one of the arbitrations and, if so, whether the same or different persons have been appointed;

   c. the progress already made in the arbitrations;

   d. whether the arbitrations raise common issues of law and/or facts; and

   e. whether the consolidation of the arbitrations would serve the interests of justice and efficiency.

4. The consolidation arbitrator may order that any or all arbitrations subject to potential consolidation be stayed pending a ruling on a request for consolidation.

5. When arbitrations are consolidated, they shall be consolidated into the arbitration that commenced first, unless otherwise agreed by all parties or the consolidation arbitrator decides otherwise.

6. Where the consolidation arbitrator decides to consolidate an arbitration with one or more other arbitrations, each party in those arbitrations shall be deemed to have waived its right to appoint an arbitrator. The consolidation arbitrator may revoke the appointment of any arbitrators and may select one of the previously-appointed tribunals to serve in the consolidated proceeding. The Administrator shall, as necessary, complete the appointment of the tribunal in the consolidated proceeding. Absent the agreement of all parties, the consolidation arbitrator shall not be appointed in the consolidated proceedings.

7. The decision as to consolidation, which need not include a statement of reasons, shall be rendered within 15 days of the date for final submissions on consolidation.

### Article 10: Amendment or Supplement of Claim, Counterclaim, or Defense

Any party may amend or supplement its claim, counterclaim, setoff, or defense unless the arbitral tribunal considers it inappropriate to allow such amendment or supplement because of the party's delay in making it, prejudice to the other parties, or any other circumstances. A party may not amend or supplement a claim or counterclaim if the amendment or supplement would fall outside the scope of the agreement to arbitrate. The tribunal may permit an amendment or supplement subject to an award of costs and/or the payment of filing fees as determined by the Administrator.

### Article 11: Notices

1.  Unless otherwise agreed by the parties or ordered by the arbitral tribunal, all notices and written communications may be transmitted by any means of communication that allows for a record of its transmission, including email, mail, courier, fax, or other written forms of electronic communication addressed to the party or its representative at its last- known address, or by personal service.

2.  For the purpose of calculating a period of time under these Rules, such period shall begin to run on the day following the day when a notice is made. If the last day of such period is an official holiday at the place received, the period is extended until the first business day that follows. Official holidays occurring during the running of the period of time are included in calculating the period.

### The Tribunal

### Article 12: Number of Arbitrators

If the parties have not agreed on the number of arbitrators, one arbitrator shall be appointed unless the Administrator determines that three arbitrators are appropriate because of the size, complexity, or other circumstances of the case.

### Article 13: Appointment of Arbitrators

1.  The parties may agree upon any procedure for appointing arbitrators and shall inform the Administrator as to such procedure. In the absence of party agreement as to the method of appointment, the Administrator may use the ICDR list method as provided in Article 13(6).

2.  The parties may agree to select arbitrators, with or without the assistance of the Administrator. When such selections are made, the parties shall take into account the arbitrators' availability to serve and shall notify the Administrator so that a Notice of Appointment can be communicated to the arbitrators, together with a copy of these Rules.

3. If within 45 days after the commencement of the arbitration, all parties have not agreed on a procedure for appointing the arbitrator(s) or have not agreed on the selection of the arbitrator(s), the Administrator shall, at the written request of any party, appoint the arbitrator(s).Where the parties have agreed upon a procedure for selecting the arbitrator(s), but all appointments have not been made within the time limits provided by that procedure, the Administrator shall, at the written request of any party, perform all functions provided for in that procedure that remain to be performed.

4. In making appointments, the Administrator shall, after inviting consultation with the parties, endeavor to appoint suitable arbitrators, taking into account their availability to serve. At the request of any party or on its own initiative, the Administrator may appoint or submit a list(s) including nationals of a country other than that of any of the parties.

5. If there are more than two parties to the arbitration, the Administrator may appoint all arbitrators unless the parties have agreed otherwise no later than 45 days after the commencement of the arbitration.

6. If the parties have not selected an arbitrator(s) and have not agreed upon any other method of appointment, the Administrator, at its discretion, may appoint the arbitrator(s) in the following manner using the ICDR list method. The Administrator shall send simultaneously to each party an identical list of names of persons for consideration as arbitrator(s). The parties are encouraged to agree to an arbitrator(s) from the submitted list and shall advise the Administrator of their agreement. If, after receipt of the list, the parties are unable to agree upon an arbitrator(s), each party shall have 15 days from the transmittal date in which to strike names objected to, number the remaining names in order of preference, and return the list to the Administrator. The parties are not required to exchange selection lists. If a party does not return the list within the time specified, all persons named therein shall be deemed acceptable. From among the persons who have been approved on the parties' lists, and in accordance with the designated order of mutual preference, the Administrator shall invite an arbitrator(s) to serve. If the parties fail to agree on any of the persons listed, or if acceptable arbitrators are unable or unavailable to act, or if for any other reason the appointment cannot be made from the submitted lists, the Administrator shall have the power to make the appointment without the submission of additional lists. The Administrator shall, if necessary, designate the presiding arbitrator in consultation with the tribunal.

7. The appointment of an arbitrator is effective upon receipt by the Administrator of the Administrator's Notice of Appointment completed and signed by the arbitrator.

### Article 14: Impartiality and Independence of Arbitrator

1. Arbitrators acting under these Rules shall be impartial and independent and shall act in accordance with these Rules, the terms of the Notice of Appointment provided by the Administrator, and with *The Code of Ethics for Arbitrators in Commercial Disputes*.

2.  Upon accepting appointment, an arbitrator shall sign the Notice of Appointment provided by the Administrator affirming that the arbitrator is available to serve and is independent and impartial. The arbitrator shall disclose any circumstances that may give rise to justifiable doubts as to the arbitrator's impartiality or independence and any other relevant facts the arbitrator wishes to bring to the attention of the parties.

3.  If, at any stage during the arbitration, circumstances arise that may give rise to such doubts, an arbitrator or party shall promptly disclose such information to all parties and to the Administrator. Upon receipt of such information from an arbitrator or a party, the Administrator shall communicate it to all parties and to the tribunal.

4.  Disclosure by an arbitrator or party does not necessarily indicate belief by the arbitrator or party that the disclosed information gives rise to justifiable doubts as to the arbitrator's impartiality or independence.

5.  Failure of a party to disclose any circumstances that may give rise to justifiable doubts as to an arbitrator's impartiality or independence within a reasonable period after the party becomes aware of such information constitutes a waiver of the right to challenge an arbitrator based on those circumstances.

6.  No party or anyone acting on its behalf shall have any *ex parte* communication relating to the case with any arbitrator, or with any candidate for party-appointed arbitrator, except to advise the candidate of the general nature of the controversy and of the anticipated proceedings and to discuss the candidate's qualifications, availability, or impartiality and independence in relation to the parties, or to discuss the suitability of candidates for selection as a presiding arbitrator where the parties or party-appointed arbitrators are to participate in that selection. No party or anyone acting on its behalf shall have any *ex parte* communication relating to the case with any candidate for presiding arbitrator.

7.  On the application of a party, or on its own initiative after consulting the parties, the tribunal may require the parties to disclose:

    a.  Whether any non-party (such as a third-party funder or an insurer) has undertaken to pay or to contribute to the cost of a party's participation in the arbitration, and if so, to identify the person or entity concerned and to describe the nature of the undertaking.

    b.  Whether any non-party (such as a funder, insurer, parent company, or ultimate beneficial owner) has an economic interest in the outcome of the arbitration, and if so, to identify the person or entity concerned and to describe the nature of the interest.

## Article 15: Challenge of an Arbitrator

1.  A party may challenge an arbitrator whenever circumstances exist that give rise to justifiable doubts as to the arbitrator's impartiality, or independence, or for failing to perform the arbitrator's duties. Unless a shorter time period is otherwise agreed by the parties, specified by law, or determined by the Administrator, a party shall

send a written notice of the challenge to the Administrator within 15 days after being notified of the appointment of the arbitrator or within 15 days after the circumstances giving rise to the challenge become known to that party. The challenge shall state in writing the reasons for the challenge. The party shall not send this notice to any member of the arbitral tribunal.

2. Upon receipt of such a challenge, the Administrator shall notify the other party of the challenge and give such party an opportunity to respond. The Administrator shall not send the notice of challenge to any member of the tribunal but shall notify the tribunal that a challenge has been received, without identifying the party challenging. When an arbitrator has been challenged by a party, the other party may agree to the acceptance of the challenge and, if there is agreement, the arbitrator shall be removed. The Administrator may advise the challenged arbitrator of the challenge and request information from the challenged arbitrator relating to the challenge. The challenged arbitrator, after consultation with the Administrator, also may withdraw in the absence of such agreement. In neither case does withdrawal imply acceptance of the validity of the grounds for the challenge.

3. If the other party does not agree to the challenge or the challenged arbitrator does not withdraw, the Administrator shall make the decision on the challenge.

4. The Administrator, on its own initiative, may remove an arbitrator for failing to perform or if the arbitrator becomes incapable of performing the duties of an arbitrator.

## Article 16: Replacement of an Arbitrator

1. If an arbitrator withdraws, is incapable of performing the duties of an arbitrator, or is removed for any reason, and the office becomes vacant, a substitute arbitrator, if needed, shall be appointed pursuant to the provisions of Article 13, unless the parties otherwise agree.

2. If a substitute arbitrator is appointed under this Article, unless the parties otherwise agree the arbitral tribunal shall determine at its sole discretion whether all or part of the case shall be repeated.

3. If an arbitrator on a three-person arbitral tribunal fails to participate in the arbitration for any reason, and unless otherwise agreed to by the parties, the two other arbitrators shall have the power in their sole discretion to continue the arbitration and to make any decision, ruling, order, or award, notwithstanding the failure of the third arbitrator to participate. In determining whether to continue the arbitration or to render any decision, ruling, order, or award without the participation of an arbitrator, the two other arbitrators shall take into account the stage of the arbitration, the reason, if any, expressed by the third arbitrator for such non-participation and such other matters as they consider appropriate in the circumstances of the case.

4. In the event that the two other arbitrators do not agree to continue the arbitration without the participation of the third arbitrator, the Administrator on proof

satisfactory to it shall declare the office vacant, and a substitute arbitrator shall be appointed pursuant to the provisions of Article 13, unless the parties otherwise agree.

### Article 17: Arbitral Tribunal Secretary

The tribunal may, with the consent of the parties, appoint an arbitral tribunal secretary, who will serve in accordance with ICDR guidelines.

### General Conditions

### Article 18: Party Representation

Any party may be represented in the arbitration. The names, addresses, telephone numbers, fax numbers, and email addresses of representatives shall be communicated in writing to the other party and to the Administrator. Unless instructed otherwise by the Administrator, once the arbitral tribunal has been established, the parties or their representatives may communicate in writing directly with the tribunal with simultaneous copies to the other party and, unless otherwise instructed by the Administrator, to the Administrator. The conduct of party representatives shall be in accordance with such guidelines as the ICDR may issue on the subject.

### Article 19: Place of Arbitration

1. If the parties do not agree on the place of arbitration by a date established by the Administrator, the Administrator may initially determine the place of arbitration, subject to the power of the arbitral tribunal to determine finally the place of arbitration within 45 days after its constitution.

2. The tribunal may meet at any location it deems appropriate for any purpose, including to conduct hearings, hold conferences, hear witnesses, inspect property or documents, or deliberate, and, if done elsewhere than the place of arbitration, the arbitration shall be deemed conducted at the place of arbitration and any award shall be deemed made at the place of arbitration.

### Article 20: Language

If the parties have not agreed otherwise, the language(s) of the arbitration shall be the language(s) of the documents containing the arbitration agreement, subject to the power of the arbitral tribunal to determine otherwise. The tribunal may order that any documents delivered in another language shall be accompanied by a translation into the language(s) of the arbitration.

## Article 21: Arbitral Jurisdiction

1. The arbitral tribunal shall have the power to rule on its own jurisdiction, including any objections with respect to arbitrability, to the existence, scope, or validity of the arbitration agreement(s), or with respect to whether all of the claims, counterclaims, and setoffs made in the arbitration may be determined in a single arbitration, without any need to refer such matters first to a court.

2. The tribunal shall have the power to determine the existence or validity of a contract of which an arbitration clause forms a part. Such an arbitration clause shall be treated as an agreement independent of the other terms of the contract. A decision by the tribunal that the contract is null and void shall not for that reason alone render invalid the arbitration clause.

3. A party must object to the jurisdiction of the tribunal or to arbitral jurisdiction respecting the admissibility of a claim, counterclaim, or setoff no later than the filing of the Answer, as provided in Article 3, to the claim, counterclaim, or setoff that gives rise to the objection. The tribunal may extend such time limit and may rule on any objection under this Article as a preliminary matter or as part of the final award.

4. Issues regarding arbitral jurisdiction raised prior to the constitution of the tribunal shall not preclude the Administrator from proceeding with administration and shall be referred to the tribunal once constituted for determination.

## Article 22: Conduct of Proceedings

1. Subject to these Rules, the arbitral tribunal may conduct the arbitration in whatever manner it considers appropriate, provided that the parties are treated with equality and that each party has the right to be heard and is given a fair opportunity to present its case.

2. The tribunal shall conduct the proceedings with a view to expediting the resolution of the dispute. The tribunal may, promptly after being constituted, conduct a procedural hearing with the parties for the purpose of organizing, scheduling, and agreeing to procedures, including the setting of deadlines for any submissions by the parties. In establishing procedures for the case, the tribunal and the parties may consider how technology, including video, audio, or other electronic means, could be used to increase the efficiency and economy of the proceedings.

3. At the procedural hearing, the tribunal shall discuss with the parties cybersecurity, privacy, and data protection to provide for an appropriate level of security and compliance in connection with the proceeding.

4. The tribunal may decide preliminary issues, bifurcate proceedings, direct the order of proof, exclude cumulative or irrelevant testimony or other evidence, and direct the parties to focus their presentations on issues whose resolution could dispose of all or part of the case.

5. At any time during the proceedings, the tribunal may order the parties to produce documents, exhibits, or other evidence it deems necessary or appropriate. Unless the parties agree otherwise in writing, the tribunal shall apply Article 24.

6. Documents or information submitted to the tribunal by one party shall at the same time be transmitted by that party to all parties and, unless instructed otherwise by the Administrator, to the Administrator.

7. The tribunal shall determine the admissibility, relevance, materiality, and weight of the evidence.

8. The parties shall make every effort to avoid unnecessary delay and expense in the arbitration. The arbitral tribunal may allocate costs, draw adverse inferences, and take such additional steps as are necessary to protect the efficiency and integrity of the arbitration.

## Article 23: Early Disposition

1. A party may request leave from the arbitral tribunal to submit an application for disposition of any issue presented by any claim or counterclaim in advance of the hearing on the merits ("early disposition"). The tribunal shall allow a party to submit an application for early disposition if it determines that the application (a) has a reasonable possibility of succeeding, (b) will dispose of, or narrow, one or more issues in the case, and (c) that consideration of the application is likely to be more efficient or economical than leaving the issue to be determined with the merits.

2. Each party shall have the right to be heard and a fair opportunity to present its case regarding whether or not such application should be heard and, if permission to make the application is given, whether early disposition should be granted.

3. The arbitral tribunal shall have the power to make any order or award in connection with the early disposition of any issue presented by any claim or counterclaim that the tribunal deems necessary or appropriate. The tribunal shall provide reasoning for any award.

## Article 24: Exchange of Information

1. The arbitral tribunal shall manage the exchange of information between the parties with a view to maintaining efficiency and economy. The tribunal and the parties should endeavor to avoid unnecessary delay and expense while at the same time avoiding surprise, assuring equality of treatment, and safeguarding each party's opportunity to present its claims and defenses fairly.

2. The parties may provide the tribunal with their views on the appropriate level of information exchange for each case, but the tribunal retains final authority. To the extent that the parties wish to depart from this Article, they may do so only by written agreement and in consultation with the tribunal.

3. The parties shall exchange all documents upon which each intends to rely on a schedule set by the tribunal.

4. The tribunal may, upon application, require a party to make available to another party documents in that party's possession not otherwise available to the party seeking the documents, that are reasonably believed to exist and to be relevant and material to the outcome of the case. Requests for documents shall contain a description of specific documents or classes of documents, along with an explanation of their relevance and materiality to the outcome of the case.

5. The tribunal may condition any exchange of information subject to claims of commercial or technical confidentiality on appropriate measures to protect such confidentiality.

6. When documents to be exchanged are maintained in electronic form, the party in possession of such documents may make them available in the form (which may be paper copies) most convenient and economical for it, unless the tribunal determines, on application, that there is a compelling need for access to the documents in a different form. Requests for documents maintained in electronic form should be narrowly focused and structured to make searching for them as economical as possible. The tribunal may direct testing or other means of focusing and limiting any search.

7. The tribunal may, on application, require a party to permit inspection on reasonable notice of relevant premises or objects.

8. In resolving any dispute about pre-hearing exchanges of information, the tribunal shall require a requesting party to justify the time and expense that its request may involve and may condition granting such a request on the payment of part or all of the cost by the party seeking the information. The tribunal may also allocate the costs of providing information among the parties, either in an interim order or in an award.

9. In the event a party fails to comply with an order for information exchange, the tribunal may draw adverse inferences and may take such failure into account in allocating costs.

10. Depositions, interrogatories, and requests to admit as developed for use in U.S. court procedures generally are not appropriate procedures for obtaining information in an arbitration under these Rules.

## Article 25: Privilege

The arbitral tribunal shall take into account applicable principles of privilege, such as those involving the confidentiality of communications between a lawyer and client. When the parties, their counsel, or their documents would be subject under applicable law to different rules, the tribunal should, to the extent possible, apply the same rule to all parties, giving preference to the rule that provides the highest level of protection.

## Article 26: Hearing

1. The arbitral tribunal shall give the parties reasonable notice of the date, time, and place of any oral hearing.

2. A hearing or a portion of a hearing may be held by video, audio, or other electronic means when: (a) the parties so agree; or (b) the tribunal determines, after allowing the parties to comment, that doing so would be appropriate and would not compromise the rights of any party to a fair process. The tribunal may at any hearing direct that witnesses be examined through means that do not require their physical presence.

3. The tribunal shall determine the manner in which witnesses are examined and who shall be present during witness examination.

4. Unless otherwise agreed by the parties or directed by the tribunal, evidence of witnesses should be presented in the form of written statements signed by them. In accordance with a schedule set by the tribunal, each party shall notify the tribunal and the other parties of the names of any witnesses who have presented a witness statement whom it requests to examine. The tribunal may require any witness to appear at a hearing. If a witness whose appearance has been requested fails to appear without valid excuse as determined by the tribunal, the tribunal may make such order it deems appropriate, which may include reducing the weight to be given to the statement(s) or disregarding such statement(s).

5. At least 15 days before the hearings, each party shall give the tribunal and the other parties the names and contact information of any witnesses it intends to present, the subject of their testimony, and the languages in which such witnesses will give their testimony.

6. Hearings are private unless the parties agree otherwise or the law provides to the contrary.

## Article 27: Interim Measures

1. At the request of any party, the arbitral tribunal may order or award any interim or conservatory measures it deems necessary, including injunctive relief and measures for the protection or conservation of property.

2. Such interim measures may take the form of an interim order or award, and the tribunal may require security for the costs of such measures.

3. A request for interim measures addressed by a party to a judicial authority shall not be deemed incompatible with the agreement to arbitrate or a waiver of the right to arbitrate.

4. The arbitral tribunal may allocate costs associated with applications for interim relief in any interim order or award or in the final award.

5. An application for emergency relief prior to the constitution of the arbitral tribunal may be made as provided for in Article 7.

## Article 28: Tribunal-Appointed Expert

1.  The arbitral tribunal, after consultation with the parties, may appoint one or more independent experts to report to it, in writing, on issues designated by the tribunal and communicated to the parties.

2.  The parties shall provide such an expert with any relevant information or produce for inspection any relevant documents or goods that the expert may require. Any dispute between a party and the expert as to the relevance of the requested information or goods shall be referred to the tribunal for decision.

3.  Upon receipt of an expert's report, the tribunal shall send a copy of the report to all parties and shall give the parties an opportunity to express, in writing, their opinion of the report. A party may examine any document on which the expert has relied in such a report.

4.  At the request of any party, the tribunal shall give the parties an opportunity to question the expert at a hearing. At this hearing, parties may present expert witnesses to testify on the points at issue.

## Article 29: Default

1.  If a party fails to submit an Answer in accordance with Article 3, the arbitral tribunal may proceed with the arbitration.

2.  If a party, duly notified under these Rules, fails to appear at a hearing without showing sufficient cause for such failure, the tribunal may proceed with the hearing.

3.  If a party, duly invited or ordered to produce evidence or take any other steps in the proceedings, fails to do so within the time established by the tribunal without showing sufficient cause for such failure, the tribunal may make the award on the evidence before it.

## Article 30: Closure of Hearing

1.  The arbitral tribunal may ask the parties if they have any further submissions and upon receiving negative replies or if satisfied that the record is complete, the tribunal may declare the arbitral hearing closed.

2.  The tribunal on its own motion, or upon application of a party, may reopen the arbitral hearing at any time before the award is made.

## Article 31: Waiver

A party who knows of any non-compliance with any provision or requirement of the Rules or the arbitration agreement, and proceeds with the arbitration without promptly stating an objection in writing, waives the right to object.

### Article 32: Awards, Orders, Decisions and Rulings

**1.** In addition to making a final award, the arbitral tribunal may make interim, interlocutory, or partial awards, orders, decisions, and rulings.

**2.** When there is more than one arbitrator, any award, order, decision, or ruling of the tribunal shall be made by a majority of the arbitrators.

**3.** When the parties or the tribunal so authorize, the presiding arbitrator may make orders, decisions, or rulings on questions of procedure, including exchanges of information, subject to revision by the tribunal.

**4.** An order or award may be signed electronically, unless (a) the applicable law requires a physical signature, (b) the parties agree otherwise, or (c) the arbitral tribunal or Administrator determines otherwise.

### Article 33: Time, Form, and Effect of the Award

**1.** Awards shall be made in writing by the arbitral tribunal and shall be final and binding on the parties. The tribunal shall make every effort to deliberate and prepare the award as quickly as possible after the hearing. Unless otherwise agreed by the parties, specified by law, or determined by the Administrator, the final award shall be made no later than 60 days from the date of the closing of the hearing pursuant to Article 30. The parties shall carry out any such award without delay and, absent agreement otherwise, waive irrevocably their right to any form of appeal, review, or recourse to any court or other judicial authority, insofar as such waiver can validly be made. The tribunal shall state the reasons upon which an award is based, unless the parties have agreed that no reasons need be given.

**2.** An award shall be signed by the arbitrator(s) and shall state the date on which the award was made and the place of arbitration pursuant to Article 19. Where there is more than one arbitrator and any of them fails to sign an award, the award shall include or be accompanied by a statement of the reason for the absence of such signature.

**3.** The award shall be transmitted in draft form by the tribunal to the Administrator. The award shall be communicated to the parties by the Administrator.

**4.** If applicable law requires an award to be filed or registered, the tribunal shall cause such requirement to be satisfied. It is the responsibility of the parties to bring such requirements or any other procedural requirements of the place of arbitration to the attention of the tribunal.

### Article 34: Applicable Laws and Remedies

**1.** The arbitral tribunal shall apply the substantive law(s) or rules of law agreed by the parties as applicable to the dispute. Failing such an agreement by the parties, the tribunal shall apply such law(s) or rules of law as it determines to be appropriate.

2. In arbitrations involving the application of contracts, the tribunal shall decide in accordance with the terms of the contract and shall take into account usages of the trade applicable to the contract.

3. The tribunal shall not decide as *amiable compositeur* or *ex aequo et bono* unless the parties have expressly authorized it to do so.

4. A monetary award shall be in the currency or currencies of the contract unless the tribunal considers another currency more appropriate, and the tribunal may award such pre-award and post-award interest, simple or compound, as it considers appropriate, taking into consideration the contract and applicable law(s).

5. Unless the parties agree otherwise, the parties expressly waive and forego any right to punitive, exemplary, or similar damages unless any applicable law(s) requires that compensatory damages be increased in a specified manner. This provision shall not apply to an award of arbitration costs to a party to compensate for misconduct in the arbitration.

## Article 35: Settlement or Other Reasons for Termination

1. If the parties settle the dispute before a final award is made, the arbitral tribunal shall terminate the arbitration and, if requested by all parties, may record the settlement in the form of a consent award on agreed terms. The tribunal is not obliged to give reasons for such an award.

2. If continuation of the arbitration becomes unnecessary or impossible due to the non-payment of deposits required by the Administrator, the arbitration may be suspended or terminated as provided in Article 39(3).

3. If continuation of the arbitration becomes unnecessary or impossible for any reason other than as stated in Sections 1 and 2 of this Article, the tribunal shall inform the parties of its intention to terminate the arbitration. The tribunal shall thereafter issue an order terminating the arbitration, unless a party raises justifiable grounds for objection.

## Article 36: Interpretation and Correction of Award

1. Within 30 days after the receipt of an award, any party, with notice to the other party, may request the arbitral tribunal to interpret the award or correct any clerical, typographical, or computational errors or make an additional award as to claims, counterclaims, or setoffs presented but omitted from the award.

2. If the tribunal considers such a request justified after considering the contentions of the parties, it shall comply with such a request within 30 days after receipt of the parties' last submissions respecting the requested interpretation, correction, or additional award. Any interpretation, correction, or additional award made by the tribunal shall contain reasoning and shall form part of the award.

3. The tribunal on its own initiative may, within 30 days of the date of the award, correct any clerical, typographical, or computational errors or make an additional award as to claims presented but omitted from the award.

4.  The parties shall be responsible for all costs associated with any request for interpretation, correction, or an additional award, and the tribunal may allocate such costs.

## Article 37: Costs of Arbitration

The arbitral tribunal shall fix the costs of arbitration in its award(s). The tribunal may allocate such costs among the parties if it determines that allocation is reasonable, taking into account the circumstances of the case.

Such costs may include:

a.  the fees and expenses of the arbitrators, including applicable taxes;

b.  the costs of any assistance required by the tribunal;

c.  the fees and expenses of the Administrator;

d.  the reasonable legal and other costs incurred by the parties;

e.  any costs incurred in connection with a request for interim or emergency relief pursuant to Articles 7 or 27;

f.  any costs incurred in connection with a request for consolidation pursuant to Article 9; and

g.  any costs associated with information exchange pursuant to Article 24.

## Article 38: Fees and Expenses of Arbitral Tribunal

1.  The fees and expenses of the arbitrators shall be reasonable in amount, taking into account the time spent by the arbitrators, the size and complexity of the case, and any other relevant circumstances.

2.  As soon as practicable after the commencement of the arbitration, the Administrator shall designate an appropriate daily or hourly rate of compensation in consultation with the parties and all arbitrators, taking into account the arbitrators' stated rate of compensation and the size and complexity of the case.

3.  Any dispute regarding the fees and expenses of the arbitrators shall be determined by the Administrator.

## Article 39: Deposits

1.  The Administrator may request that the parties deposit appropriate amounts as an advance for the costs referred to in Article 37.

2.  During the course of the arbitration, the Administrator may request supplementary deposits from the parties.

3. Failure of a party asserting a claim or counterclaim to pay the required fees or deposits shall be deemed a withdrawal of the claim or counterclaim. In no event, however, shall a party be precluded from defending a claim or counterclaim.

4. If the deposits requested as referred to in Article 37(a) and 37(b) are not paid promptly and in full, the Administrator shall so inform the parties in order that one or more of them may make the required deposits. If any such deposit is made by one or more of the parties, the tribunal may, upon request, make a separate award in favor of the paying party(s) for recovery of the deposit, together with any interest.

5. If no party is willing to make the requested deposits, the arbitral tribunal may order the suspension or termination of the proceedings. If the tribunal has not yet been appointed, the Administrator may suspend or terminate the proceedings.

6. After the final award has been made, the Administrator shall render an accounting to the parties of the deposits received and return any unexpended balance to the parties.

## Article 40: Confidentiality

1. Confidential information disclosed during the arbitration by the parties or by witnesses shall not be divulged by an arbitrator or by the Administrator. Except as provided in Article 40.3, unless otherwise agreed by the parties or required by applicable law, the members of the arbitral tribunal and the Administrator shall keep confidential all matters relating to the arbitration or the award.

2. Unless the parties agree otherwise, the tribunal may make orders concerning the confidentiality of the arbitration or any matters in connection with the arbitration and may take measures for protecting trade secrets and confidential information.

3. An award may be made public only with the consent of all parties or as required by law, except that the Administrator may publish or otherwise make publicly available selected awards, orders, decisions, and rulings that have become public in the course of enforcement or otherwise.

4. The ICDR may also publish selected awards, orders, decisions, and rulings that have been edited to conceal the names of the parties and other identifying details unless a party has objected in writing to publication within 6 months from the date of the award.

## Article 41: Exclusion of Liability

The members of the arbitral tribunal, any emergency arbitrator appointed under Article 7, any consolidation arbitrator appointed under Article 9, any arbitral tribunal secretary, and the Administrator shall not be liable to any party for any act or omission in connection with any arbitration under these Rules, except to the extent that such a limitation of liability is prohibited by applicable law. The

parties agree that no arbitrator, emergency arbitrator, consolidation arbitrator, or arbitral tribunal secretary, nor the Administrator shall be under any obligation to make any statement about the arbitration, and no party shall seek to make any of these persons a party or witness in any judicial or other proceedings relating to the arbitration.

## Article 42: Interpretation of Rules

The arbitral tribunal, any emergency arbitrator appointed under Article 7, and any consolidation arbitrator appointed under Article 9, shall interpret and apply these Rules insofar as they relate to their powers and duties. The Administrator shall interpret and apply all other Rules.

## International Expedited Procedures

### Article E-1: Scope of Expedited Procedures

These Expedited Procedures supplement the International Arbitration Rules as provided in Article 1(4).

### Article E-2: Detailed Submissions

Parties are to present detailed submissions on the facts, claims, counterclaims, setoffs and defenses, together with all of the evidence then available on which such party intends to rely, in the Notice of Arbitration and the Answer. The arbitrator, in consultation with the parties, shall establish a procedural order, including a timetable, for completion of any written submissions.

### Article E-3: Administrative Conference

The Administrator may conduct an administrative conference with the parties and their representatives to discuss the application of these procedures, arbitrator selection, mediating the dispute, and any other administrative matters.

### Article E-4: Objection to the Applicability of the Expedited Procedures

If an objection is submitted before the arbitrator is appointed, the Administrator may initially determine the applicability of these Expedited Procedures, subject to the power of the arbitrator to make a final determination. The arbitrator shall take into account the amount in dispute and any other relevant circumstances.

### Article E-5: Changes of Claim or Counterclaim

If, after filing of the initial claims and counterclaims, a party amends its claim or counterclaim to exceed $500,000 USD exclusive of interest and the costs of arbitration, the case will continue to be administered pursuant to these Expedited Procedures unless the parties agree otherwise, or the Administrator or the arbitrator determines otherwise. After the arbitrator is appointed, no new or different claim, counterclaim or setoff and no change in amount may be submitted except with the arbitrator's consent.

### Article E-6: Appointment and Qualifications of the Arbitrator

A sole arbitrator shall be appointed as follows. The Administrator shall simultaneously submit to each party an identical list of five proposed arbitrators.

The parties may agree to an arbitrator from this list and shall so advise the Administrator. If the parties are unable to agree upon an arbitrator, each party may strike two names from the list, number the remaining names in order of preference, and return the list to the Administrator within 10 days from the transmittal date of the list to the parties. The parties are not required to exchange selection lists. If the parties fail to agree on any of the arbitrators or if acceptable arbitrators are unable or unavailable to act, or if for any other reason the appointment cannot be made from the submitted lists, the Administrator may make the appointment without the circulation of additional lists. The parties will be given notice by the Administrator of the appointment of the arbitrator, together with any disclosures.

## Article E-7: Procedural Hearing and Order

After the arbitrator's appointment, the arbitrator may schedule a procedural hearing with the parties, their representatives, and the Administrator to discuss the procedure and schedule for the case. Within 14 days of appointment, the arbitrator shall issue a procedural order.

## Article E-8: Proceedings by Written Submissions

In expedited proceedings based on written submissions, all submissions are due within 60 days of the date of the procedural order, unless the arbitrator determines otherwise. The arbitrator may require an oral hearing if deemed necessary.

## Article E-9: Proceedings with an Oral Hearing

In expedited proceedings in which an oral hearing is to be held, the arbitrator shall set the date, time, and location of the hearing. The oral hearing shall take place within 60 days of the date of the procedural order unless the arbitrator deems it necessary to extend that period. Hearings may take place in person or via video, audio, or other electronic means, at the discretion of the arbitrator. Generally, there will be no transcript or stenographic record. Any party desiring a stenographic record may arrange for one. The oral hearing shall not exceed one day unless the arbitrator determines otherwise. The Administrator will notify the parties in advance of the hearing date.

### Article E-10: The Award

Awards shall be made in writing and shall be final and binding on the parties. Unless otherwise agreed by the parties, specified by law, or determined by the Administrator, the award shall be made not later than 30 days from the date of the closing of the hearing or from the time established for final written submissions.

## Administrative Fees

### Administrative Fee Schedules

FOR THE CURRENT ADMINISTRATIVE FEE SCHEDULE, PLEASE VISIT ***www.adr.org/internationalfeeschedule.***



© 2021 International Centre for Dispute Resolution and American Arbitration Association, Inc. All rights reserved.
These Rules are the copyrighted property of the ICDR and AAA and are intended to be used in conjunction with the administrative services of the ICDR-AAA. Any unauthorized use or modification of these Rules may violate copyright laws and other applicable laws. Please contact +1.212.484.4181 or websitemail@adr.org for additional information.

# EXHIBIT B

---

**MR. BAR-B-Q PRODUCTS LLC**

                    **(Claimant)**

         **v.**

                                                              **ICDR Case Number: 01-20-**
                                                              **0005-4914**

**UNION SQUARE LIMITED and**
**WAYNE MARGOLIN**

                    **(Respondent)**

---

## ORDER

1.      Mr. Bar-B-Products, LLC, Union Square Limited and Wayne Margolin are collectively referred to herein as the "Parties".

2.      Pursuant to the International Dispute Resolution Procedures Article 40(2), any awards rendered in this matter may be made public only with the consent of all Parties or as required by law.

3.      Further, the status of this proceeding (e.g., pending) may be made public only with the consent of all Parties or as required by law, but upon conclusion of this arbitration nothing herein shall preclude the Parties from advising third parties that this arbitration has been concluded.

        This Order shall continue in effect unless and until amended or superseded by any subsequent order of the Arbitrator.

                    ORDERED AS OF October 14, 2021

                    _Stephen S. Strick_
                    Stephen S. Strick, Arbitrator

1