# MARK B. STUMER & ASSOCIATES PC

ATTORNEYS AT LAW

306 FIFTH AVENUE
PENTHOUSE
NEW YORK, NEW YORK 10001

PHONE (212) 633-2225
FAX (212) 691-3642

> The Court is taking this renewed emergency request to seal under advisement. In the meantime, the Clerk of Court is respectfully directed to seal Docs. 1, 2, 3-1, and 3-3 so that they are only viewable to the Court and the parties. Petitioner is directed to file any opposition to Respondent's renewed sealing request by or before January 7, 2022.
>
> SO ORDERED:
>
> _____
> HON. VERNON S. BRODERICK
> UNITED STATES DISTRICT JUDGE
> 01/06/2022

**VIA ECF**

January 5, 2022

Judge Vernon S. Broderick
United States District Court
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

Re:  In the Matter of arbitration:
Union Square Limited v. Mr. Bar-B-Q Products LLC
Case No. 1:21-cv-11032

**Renewed Emergency Request to Seal Petition Exhibits A and C**

Dear Judge Broderick:

On January 3, 2022, this Court denied without prejudice Respondent Mr. Bar-B-Q Products LLC's motion to seal two confidential Partial Final Awards (Exhibits A and C) submitted with Union Square Limited's ("USL's) petition for confirmation. Respondent submits the following countervailing factors and legal authority that overcome the presumption in favor of public access to judicial documents and warrant sealing Exhibits A and C. If granted, this Court should also seal USL's petition and require USL to refile it redacting those portions which disclose portions of the Partial Final Awards.

This exact issue was recently decided in this District in *TIG Insurance Company v. American Home Assurance Co. et al.*, No. 21-cv-02504 (NRB). Petitioner *TIG* filed a petition to confirm a final arbitration award and moved to file the award under seal. Citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006), Judge Furman, sitting in Part I,

denied the motion to seal relying on the presumption in favor of public access to judicial documents. *ABC v DEF*, No. 21-mc-217 (JMF), ECF No. 3 (S.D.N.Y March 10, 2021).

Respondents moved for reconsideration. *ABC v DEF*, No. 21-mc-217 (JMF), ECF No. 3 (S.D.N.Y. March 16, 2021). While Respondents' motion for reconsideration is under seal, its separate letter motion to Judge Furman is not. *Id. at* ECF No. 5. As in this case, Respondents noted that the arbitration was confidential and included an order by the arbitrators that required that the confidentiality be maintained after the conclusion of the proceedings. *Id.* Importantly, Respondents stressed that courts in this District give "considerable deference" to arbitrator protective orders, citing *Odfjell ASA v Celanese AG*, 04-civ-1758 (JSR), 2005 WL 106897, at * 1 (S.D.N.Y. Jan. 18, 2005) and *Goldstein v. Preisler*, 24 A.D. 3d 441, 442 (N.Y. App. Div. 2005) (holding that trial court improperly modified arbitration award by denying a portion of the award that recommended expunging all references to the arbitration from public records).

Judge Furman agreed. He granted Respondents' motion and temporarily sealed the Final Award and associated motion papers. *ABC v DEF*, No. 21-mc-217 (JMF), ECF No. 8 (S.D.N.Y. March 17, 2021). Recognizing that the decision to maintain these materials under seal must be made by the District Judge assigned to the merits case, Judge Furman gave the parties two weeks to file a renewed motion to seal. *Id.*

Respondents moved to maintain the Final Award under seal. *TIG Insurance Company v. American Home Assurance Co. et al.*, No. 21-cv-02504 (NRB), ECF No. 7 (March 30, 2021). Respondents again stressed that courts in this District give considerable deference to arbitrator protective orders, and further argued that (1) sealing a final arbitration award is proper where a party demonstrates "good cause" and a "legitimate confidentiality interest", citing *DiRussa v. Dean Witter Reynolds, Inc.*, 121 F.3d 818, 827 (2d Cir. 1997) and *Continental Ins. Co. v. Fairmont Premier Ins. Co.*, 16-civ-00655 (S.D.N.Y. May 9, 2016); (2) that confirmation of an unopposed arbitration award is a ministerial proceeding, citing *Dallas MTA v. Celltex Cellular*, No. 06-civ-15412, 2010 WL 908470, at *1 (S.D.N.Y., Mar. 10, 2010) and *Nationwide Mut. Ins. Co. v. Cont'l Cas. Co.*, No. 14 C 844, ECF No. 21 at 2 (N.D. Ill. June 3, 2014); (3) that courts in this district repeatedly seal confidential arbitration information[1]; (4) that there is little or no

---

[1] *Citing TIG Ins. Co. v. AIU Ins. Co.*, No. 18-cv-6363 (VSB) (S.D.N.Y. July 27, 2018); *OneBeacon Ins. Co. v. Certain Underwriters at Lloyd's, London,* No. 16-cv-9908 (KBF)

public interest in in the results of arbitrations of this type, citing *R&Q Reinsurance Co. v. Utica Mut. Ins. Co.*, No. 13-cv-8013 (PAE) at ECF No. 26 (S.D.N.Y. Jan. 22, 2014); and (5) maintaining confidentiality promotes ADR and fosters judicial economy. *Id.*

Judge Buchwald agreed. She permanently sealed the Final Award and related materials. *TIG Insurance Company v. American Home Assurance Co. et al.*, No. 21-cv-02504 (NRB), ECF No. 11 (April 22, 2021).

For the same reasons addressed in *TIG*, this Court should grant Respondent's motion to seal. First, the parties participated in an ICDR arbitration that mandates, under Rule 40(2), that all awards remain confidential after the conclusion of the proceedings (annexed hereto as Exhibit 1). Second, the Tribunal issued a Confidentiality Agreement and Order that required that the restrictions in paragraphs 3 and 4 of the Order "may be enforced by bringing an action in a federal court in New York, New York". *Confidentiality Agreement and Order, Paragraph 9* (annexed hereto as Exhibit 2). Third, on October 14, 2021, the Tribunal issued an Order that "any awards rendered in this matter may be made public only with the consent of all Parties or as required by law" (annexed hereto as Exhibit 3). Fourth, Respondent is not contesting the arbitrator's award of legal fees in the Second Partial Final Award (Exhibit A to Petition). The only question is how fast Respondent can complete its payment of that award. Fifth, Respondent paid the entirety of the First Partial Final Award (Exhibit C to Petition). As such, there is nothing in the First Partial Award that is relevant to any issue in USL's petition. Sixth, there is little or no public interest in the resolution of USL's petition. Seventh, as will be addressed in Respondent's anticipated motion to dismiss, this arbitration is still pending and thus the petition to confirm the award is premature. Finally, it is imperative that district courts do not render moot one of the most important reasons that parties agree to arbitrate their disputes instead of further burdening our court system – the agreement to keep arbitrations confidential. Here, USL is seeking to do an end-run around the arbitrator's order to keep his awards confidential by filing a petition to confirm an award that is not in substantive dispute. Such conduct should not be rewarded.

---

(S.D.N.Y. Jan. 19, 2017); *Continental Ins. Co. v. Fairmont Premier Ins. Co.*, No. 16-cv-00655 (VEC) (S.D.N.Y. May 9, 2016); *TIG Ins. Co. v. Global Int'l Reinsurance Co.*, No. 09-cv-1289 (JSR) (S.D.N.Y. June 30, 2009).

In view of the above, this Court should seal Exhibits A and C to USL's petition. If the Court grants this motion, it should further order USL to refile its petition redacting any those portions that reference or cite the First and Second Partial Final Awards. Upon conclusion of this proceeding, the Court can determine whether it is in the public's interest to unseal any portions of the First and Second Partial Final Awards.

                MARK B. STUMER & ASSOCIATES, P.C.

_____
Mark B. Stumer, Esq. (MS6027)
Attorney for Respondent Mr. Bar-B-Q Products LLC
306 Fifth Ave, Penthouse
New York, New York 10003
(212) 633-2225

SOFER & HAROUN, LLP

_____/s/_____
John M. DiMatteo, Esq. (JD 4704)
Attorney for Respondent Mr. Bar-B-Q Products LLC
110 West 40th Street
Suite 2001
New York, New York, 10016
(212) 697-2800  Office
(631) 645-3490  Mobile