UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
UNION SQUARE LIMITED,                                       :
:
                                            Petitioner,  :
:       21-CV-11032 (VSB)
               - against -                  :
:       **OPINION & ORDER**
:
MR. BAR-B-Q PRODUCTS LLC,                                   :
:
                                            Respondent.  :
:
------------------------------------------------------------X

Appearances:

Jeffrey A. Wurst
Armstrong Teasdale LLP
New York, NY
*Counsel for Petitioner*

John M DiMatteo, Joseph Sofer
Sofer & Haroun, LLP
New York, NY

Mark B. Stumer, Sr
Mark B. Stumer & Associates, P.C.
New York, NY
*Counsel for Respondent*

VERNON S. BRODERICK, United States District Judge:

      Before me is Respondent Mr. Bar-B-Q Products LLC's ("Mr. Bar-B-Q") motion to seal two Partial Final Awards that Petitioner Union Square Limited ("USL") has filed as exhibits to its petition to confirm an arbitration award. Because I find that the documents in question are judicial documents to which a presumption of public access attaches, and because Mr. Bar-B-Q fails to meet its burden of demonstrating the need for maintaining these documents under seal, Mr. Bar-B-Q's motion is DENIED.

I. **Factual Background and Procedural History**[1]

On December 23, 2021, Petitioner USL filed a petition with this Court seeking to confirm a Second Partial Final Award in an arbitration proceeding against Respondent Mr. Bar-B-Q before the International Centre for Dispute Resolution ("ICDR"). (Doc. 1 ("Petition"); *see also* Doc. 2 ("Pet'r's Mem.").) As part of its papers supporting its petition, USL attached the Second Partial Final Award that it sought to confirm as Exhibit A, (Doc. 3-1 ("Second Partial Final Award")), and the First Partial Final Award as Exhibit C, (Doc. 3-3 ("First Partial Final Award")).

Essentially, USL seeks to recover attorneys' fees and costs related to its arbitration against Mr. Bar-B-Q. (*See* Petition ¶ 2.) In the First Partial Final Award dated June 9, 2021 (and corrected July 9, 2021), the Arbitrator ruled in favor of USL's breach of contract counterclaim against Mr. Bar-B-Q, and found that pursuant to the parties' previous agreement, USL was entitled to recover reasonable attorneys' fees and costs from Mr. Bar-B-Q. (*See* First Partial Final Award 22.) In the Second Partial Final Award issued on December 3, 2021, the Arbitrator determined that those reasonable attorneys' fees and costs amounted to $1,959,055.23 plus accrued interest at a rate of 9% per year. (*See* Second Partial Final Award 10–12.) The Arbitrator further ordered that Mr. Bar-B-Q pay USL $1,402,875.31 plus accrued interest within 10 days, and that Mr. Bar-B-Q put the remaining $556,179.92 plus accrued interest in an escrow account pending the Arbitrator's final award of fees, costs, and interest. (*Id.* at 10.) In its Petition, USL alleges that the escrow account has not been established, and Mr. Bar-B-Q has only paid $252,847.61 of the award. (Petition ¶¶ 43 & 44.) USL brings this action to confirm,

---

[1] The facts in Section I are recited for background only, and are not intended to and should not be viewed as findings of fact.

and thus enforce, the Second Partial Final Award.

On December 30, 2021, Mr. Bar-B-Q filed an emergency motion to seal the First Partial Final Award and the Second Partial Final Award, on the grounds that the awards are confidential. (Doc. 11 ("First Motion to Seal").) Mr. Bar-B-Q argued that ICDR rules require arbitration awards be kept confidential unless the parties agree otherwise, and that the Arbitrator in the instant case "specifically ordered Petitioner USL to keep all Tribunal awards confidential." (*Id.* at 1–2 (citing Docs. 11-1 & 11-2).) As an aside, Mr. Bar-B-Q also stated in its motion to seal that it intended to move to dismiss USL's petition as "premature" and "moot" since the arbitration is still ongoing and since Mr. Bar-B-Q "is scheduled to pay the remaining payments over the next three months with interest, and is setting up an escrow account to place additional monies." (*Id.* at 2.)[2]

On January 3, 2022, USL filed an opposition to Mr. Bar-B-Q's motion to seal, citing, among other things, my Individual Rules to argue that "the parties' consent or the fact that information is subject to a confidentiality agreement between litigants is not, by itself, a valid basis to overcome the presumption in favor of public access to judicial documents." (Doc. 12, at 2 (quoting Individual Rule 5(B) (quoting *In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543 (JMF), 2015 WL 4750774, at *4 (S.D.N.Y. Aug. 11, 2015)))).) USL alleged that "[t]here is nothing contained in either of the arbitration awards that might represent confidential trade secrets or personal information that would warrant denying the public access to such documents." (*Id.* at 3.) USL also disputed Mr. Bar-B-Q's characterization of the Petition as

---

[2] Mr. Bar-B-Q subsequently filed a letter explaining that USL had filed a motion before the Arbitrator "seeking to enjoin Mr. Bar-B-Q from filing any opposition to the Petition filed in this action." (Doc. 22.) Mr. Bar-B-Q asked me for a corresponding extension of its deadline to respond to USL's Petition to allow the Arbitrator time to decide USL's motion. (*Id.*; *see also* Doc. 23 (granting the extension request).) Accordingly, as of the date of this Opinion & Order, Mr. Bar-B-Q has not yet filed any response or opposition to the Petition itself.

premature and moot. (*Id.* at 2–3.) I denied Mr. Bar-B-Q's First Motion to Seal, without prejudice to renewal if Mr. Bar-B-Q could "demonstrate . . . with legal authority, countervailing factors that overcome the presumption in favor of public access to judicial documents, where those judicial documents form the basis of the court's adjudication." (Doc. 13 (citing *Fung Schwartz v. Cerner Corporation*, 2021 WL 4776461 (S.D.N.Y. Oct. 12, 2021).)

On January 5, 2022, Mr. Bar-B-Q filed a renewed motion to seal the First Partial Final Award and the Second Partial Final Award. (Doc. 16 ("Renewed Motion to Seal.")) In this renewed motion, Mr. Bar-B-Q argued that "[t]his exact issue was recently decided in this District" and that "courts in this District give considerable deference to arbitrator protective orders." (*Id.* at 1 & 2 (citing *TIG Insurance Company v. American Home Assurance Co., et al.*, No. 21 Civ. 2504 (NRB) (S.D.N.Y. Apr. 22, 2021), ECF 11; *ABC v. DEF*, No. 21 Misc. 217 (JMF) (S.D.N.Y. Mar. 16, 2021), ECF 8 (together, the "*TIG Cases*")).) Mr. Bar-B-Q again cited and attached the ICDR rules and the Arbitrator's October 14, 2021 Order. (*Id.* at 3 (citing Docs. 16-1 & 16-3).) Mr. Bar-B-Q also cited and attached a confidentiality agreement entered into by the parties. (*Id.* (citing Doc. 16-2).)[3] Finally, Mr. Bar-B-Q requested that I "order USL to refile its petition redacting any [sic] those portions that reference or cite the First and Second Partial Final Awards." (*Id.* at 4.) On January 6, 2022, I took Mr. Bar-B-Q's Renewed Motion to Seal under advisement, and directed the Clerk of Court to conditionally seal the Petition and corresponding memorandum of law, the First Partial Final Award, and the Second Partial Final Award, pending resolution of Mr. Bar-B-Q's motion. (Doc. 17.) I directed USL to file any opposition on or before January 7, 2022. (*Id.*)

---

[3] Mr. Bar-B-Q added that the confidentiality agreement provides that violations of the agreement "may be enforced by bringing an action in a federal court in New York, New York." (*Id.*)

On January 7, 2022, USL filed its opposition. (Doc. 18.) USL argued that Mr. Bar-B-Q's Renewed Motion "lacks any showing of either 'good cause' or a 'legitimate confidentiality interest' that would justify even a narrow request for sealing, much less the broad one sought here." (*Id.* at 1.) USL distinguished the *TIG Cases* that Mr. Bar-B-Q cited in several ways. Among other things, USL argued that unlike in the *TIG Cases*, Respondent intends to oppose the Petition, which means that I "will need to rely upon both the Second Partial Final Award, which awarded Respondent its attorneys' fees and costs at issue, and the First Partial Final Award, which determined that Respondent was the prevailing party and as such entitled to an award of attorneys' fees and costs," in order to resolve the dispute. (*Id.* at 2.) USL also provided contrary legal authority suggesting that courts in this District do not seal arbitration awards as a matter of course. (*See id.* (citing *Trs. of N.Y. State Nurses Ass'n Pension Plan v. White Oak Glob. Advisors LLC*, No. 21 Civ. 8330 (LAK), 2021 WL 5873250, at *2 (S.D.N.Y. Nov. 10, 2021); *Church Ins. Co. v. Ace Prop. & Cas. Ins. Co.*, No. 10 Civ. 698 (RJS), 2010 WL 3958791, at *3 (S.D.N.Y. Sept. 23, 2010)).

On January 10, 2022, Mr. Bar-B-Q filed a "notice of arbitration order and request to maintain documents under seal until a hearing on the merits." (Doc. 19.) Mr. Bar-B-Q said it had informed the Arbitrator "that Petitioner USL was actively seeking to make public the Tribunal's First and Second Partial Final Awards," which Mr. Bar-B-Q believed was a violation of the Arbitrator's October 14, 2021 Order. (*Id.* at 1.) Mr. Bar-B-Q said that on January 10, 2022 the Arbitrator had issued a new order that "enjoined USL from actively seeking . . . the publication of its First and Second Partial Final [Awards]." (*Id.* (citing Doc. 19-1).) Consequently, Mr. Bar-B-Q argued that USL should withdraw its opposition. (*Id.* at 2.) Later that day, USL responded. (Doc. 20.) USL argued that it had a different interpretation of the

Arbitrator's January 10, 2022 Order, and that USL did not understand the order to require USL to withdraw its opposition in this case. (*Id.* at 2.) USL also attached emails between the parties, which USL alleged indicated that Respondent is "insolvent" and "attempting to abuse this enforcement process to avoid making the payments required by the Arbitrator's Second Partial Final Award." (*Id.* at 2 (citing Doc. 20-1).) On January 12, 2022, USL filed another response, (Doc. 21), informing me that on January 11, 2022, the Arbitrator had "ruled that the Petitioner's failure to withdraw its opposition to Respondent's motion to seal would constitute a breach" of the Arbitrator's October 14, 2021 Order. (*Id.*) As a result, USL formally withdrew its opposition, and said it would "leave[] it to this Court to determine whether Respondent's application and supplemental submissions satisfy the conditions for keeping the Documents under seal." (*Id.*) Therefore, I will consider USL's opposition withdrawn and consider Mr. Bar-B-Q's motion to be unopposed.

## II.     **Applicable Law**

There is a presumption of public access to anything that qualifies as a "judicial document," *i.e.*, a "filed item that is 'relevant to the performance of the judicial function and useful in the judicial process.'" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006)). The presumption is "at its strongest" when "the information at issue forms the basis of the court's adjudication." *Liberty Re (Bermuda) Ltd. v. Transamerica Occidental Life Ins. Co.*, No. 04 Civ. 5044(NRB), 2005 WL 1216292, at *6 (S.D.N.Y. May 23, 2005) (citation omitted). This presumption remains "strong" even where "the Court did not rely on" the documents, so long as they were "brought to the Court's attention in connection with a contested matter." *Accent Delight Int'l Ltd. v. Sotheby's*, 394 F. Supp. 3d 399, 417 (S.D.N.Y. 2019) (citing

*Lugosch*, 435 F.3d at 121).

"[A]fter determining the weight of the presumption of access, the court must balance competing considerations against it" by considering "countervailing factors includ[ing] but . . . not limited to the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Mut. Marine Office, Inc. v. Transfercom Ltd.*, No. 08 Civ. 10367(PGG), 2009 WL 1025965, at *4 (S.D.N.Y. Apr. 15, 2009) (internal quotation marks omitted). "The party seeking to maintain the seal carries the burden of demonstrating the need to seal." *Park Ave. Life Ins. Co. v. Allianz Life Ins. Co. of N. Am.*, No. 19 Civ. 1089 (JMF), 2019 WL 4688705, at *2 (S.D.N.Y. Sept. 25, 2019) (citing *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997)).

While "[c]ourts in the Second Circuit" will allow for sealing and redaction to "protect[ ] from disclosure proprietary, sensitive, and confidential business information," the party seeking sealing must provide the court with enough clarity to determine why the information in question should be protected from disclosure. *See Markowitz v. KBI Servs.*, No. 21 Misc. 397 (LGS), 2021 WL 4555833, at *2 (S.D.N.Y. Oct. 5, 2021) (collecting cases where sealing was appropriate because, among other reasons, "documents contained company's proprietary marketing strategies, product development, costs and budgeting information" (citation omitted)); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (allowing filings in redacted form where "Plaintiffs' proposed redactions are generally limited to specific business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit." (internal quotation marks omitted)). The Second Circuit has found that "the mere existence of a confidentiality order" does not overcome "the presumption of access" absent other "specific, on-

7

the-record findings." *Lugosch*, 435 F.3d at 126; *see also Park Ave. Life Ins. Co.*, 2019 WL 4688705, at *3 ("[T]he mere existence of a confidentiality agreement . . . is insufficient to overcome the First Amendment presumption of access." (quoting *Alexandria Real Estate Equities, Inc. v. Fair*, No. 11 Civ. 3694(LTS), 2011 WL 6015646, at *3 (S.D.N.Y. Nov. 30, 2011))).

### III. Application

As noted, USL has withdrawn its opposition to Mr. Bar-B-Q's Renewed Motion to Seal; therefore, I do not consider USL's opposition in reaching the decision stated below.

First, I address whether the Partial Final Awards are judicial documents. The law is clear "that 'the petition, memoranda, and other supporting documents filed in connection with a petition to confirm an arbitration award (including the Final Award itself) are judicial documents that directly affect the Court's adjudication of that petition.'" *Clearwater Ins. Co. v. Granite State Ins. Co.*, No. 15–cv–165 (RJS), 2015 WL 500184, at *3 (S.D.N.Y. Feb. 5, 2015) (quoting *Aloi Nissay Dowa Ins. Co. v. ProSight Specialty Mgmt. Co.*, No. 12 Civ. 3274(JPO), 2012 WL 3583176, at *6 (S.D.N.Y. Aug. 21, 2012)); *see also Susquehanna Int'l Grp. Ltd. v. Hibernia Express (Ireland) Ltd.*, No. 21 Civ. 207 (PGG), 2021 WL 3540221, at *3 (S.D.N.Y. Aug. 11, 2021); *Redeemer Comm. of Highland Credit Strategies Funds v. Highland Cap. Mgmt., L.P.*, 182 F. Supp. 3d 128, 133 (S.D.N.Y. 2016*); Robert Bosch GmbH v. Honewell Int'l Inc.*, No. 14 cv 9432(PKC), 2015 WL 128154, at *1–2 (S.D.N.Y. Jan. 6, 2015); *First State Ins. Co. v. Nat'l Cas. Co.*, No. 13 Civ. 704(AJN), 2013 WL 8675930, at *1 (S.D.N.Y. Feb. 19, 2013); *Istithmar World PJSC v. Amato*, No. 12 Civ. 7472(JFK), 2013 WL 66478, at *3 (S.D.N.Y. Jan. 7, 2013); *Alexandria Real Est. Equities, Inc.*, 2011 WL 6015646, at *2; *Church Ins. Co.*, 2010 WL 3958791, at *3; *Mut. Marine Off., Inc.*, 2009 WL 1025965, at *5.

Here, the Second Partial Final Award is plainly "relevant to the performance of the judicial function and useful in the judicial process," *Bernstein*, 814 F.3d at 139 (quoting *Lugosch*, 435 F.3d at 119)—where the ultimate question for me is whether to confirm that very award. Mr. Bar-B-Q may or may not to move to dismiss the Petition as "premature" and "moot," (First Motion to Seal 2), but it is axiomatic that parties' pleadings and attached exhibits remain judicial documents, regardless of the ultimate disposition of the matter. *See, e.g.*, *Bernstein*, 814 F.3d at 140.

Regarding the First Partial Award, Mr. Bar-B-Q contends that "there is nothing in the First Partial Award that is relevant to any issue in USL's petition" to confirm the Second Partial Award. (Renewed Motion to Seal 3.) This argument is somewhat baffling, since the First Partial Award is the basis for the Second Partial Award and is cited, repeatedly, in USL's Petition to confirm the Second Partial Award and memorandum of law in support thereof. (*See* Petition ¶¶ 3, 35–38, 38 n.5; Pet'r's Mem. 1, 4–5). "Obviously, the documents in question were placed in the record . . . because one or both of the parties consider them 'relevant to the performance of the judicial function and useful in the judicial process.'" *N.Y. State Nurses Ass'n Pension Plan*, 2021 WL 5873250, at *1 (calling the respondent's argument that certain exhibits were not judicial documents "at least borderline sanctionable"). Moreover, if Mr. Bar-B-Q files a motion to dismiss the Petition, I will no doubt need to review the Partial Final Awards to resolve that motion.

Second, having found that the Partial Final Awards are judicial documents, I must consider any "countervailing factors" that might overcome the First Amendment and common law right of access. Mr. Bar-B-Q's argument for sealing is that the Arbitrator ordered the parties to keep the Partial Final Awards confidential. Courts in this District are clear that "[t]he

9

assertion that disclosure violates a separate confidentiality order is insufficient." *First State Ins. Co.*, 2013 WL 8675930, at *1; *see also N.Y. State Nurses Ass'n Pension Plan*, 2021 WL 5873250, at *2; *Park Ave. Life Ins. Co.*, 2019 WL 4688705, at *3; *Gen. Motors LLC Ignition Switch Litig.*, 2015 WL 4750774, at *4; *Istithmar World PJSC*, 2013 WL 66478, at *3; *Alexandria Real Est. Equities, Inc.*, 2011 WL 6015646, at *3; *Mut. Marine Office*, 2009 WL 1025965, at *5. Likewise, in the *TIG Cases*, Judge Furman looked to the record before him and found "reasons above and beyond the parties' confidentiality agreement to keep the relevant information under seal." *ABC*, No. 21 Misc. 217 (JMF), ECF No. 8 (citing Resp'ts' Mem. in Supp. re: Mot. for Recons., *ABC*, No. 21 Misc. 217 (JMF), ECF No. 6 (filed under seal)). Here, Mr. Bar-B-Q has not identified any other legitimate reasons for sealing.

Perhaps recognizing that a confidentiality agreement alone is not enough, Mr. Bar-B-Q attempts to advance a public policy argument. Mr. Bar-B-Q contends, "The purpose of the [ICDR] Rule is to encourage parties to resolve their disputes confidentially by arbitration instead [of] in public in courts of law. That, in turn, reduces the burden placed on our court system." (First Motion to Seal 1; *see also* Renewed Motion to Seal 3.) Although this statement may be true as far as it goes, it also suggests a different outcome with regard to sealing when arbitration awards are presented to "courts of law." In other words, Mr. Bar-B-Q's argument is self-defeating because it presumes, correctly, that once parties ask a court of law to exercise its powers to enforce an arbitration award—as USL has done here—the award must become public, since "the public in the usual case has a right to know what the Court has done." *Glob. Reinsurance Corp.-U.S. Branch v. Argonaut Ins. Co.*, No. 07 CIV. 8196(PKC), 2008 WL 1805459, at *2 (S.D.N.Y. Apr. 24, 2008). Although "[d]isputants may be drawn to arbitration out of a desire for privacy . . . once one side seeks judicial confirmation of an arbitral award, that

petition as well as the underlying award become 'judicial documents.'" *Istithmar World PJSC*, 2013 WL 66478, at *3. For that reason, "[a] party to an arbitration proceeding that is subject to confirmation proceedings in a federal court cannot have a legitimate expectation of privacy in all papers pertaining to the arbitration because the party should know of the presumption of public access to judicial proceedings." *Robert Bosch GmbH*, 2015 WL 128154, at *1 (internal citation omitted). Consistent with this precedent, "[c]ourts in this district have generally been loath to seal arbitration awards." *Istithmar World PJSC*, 2013 WL 66478, at *3 (citing *Century Indem. Co.*, 2012 WL 4354816; *Aioi Nissay Dowa Ins. Co.*, 2012 WL 3583176; *Alexandria Real Estate Equities, Inc.*, 2011 WL 6015646; *Church Ins. Co.*, 2010 WL 3958791; *In re Faiveley Transp. Malmo AB*, No. 08 Civ. 3330, 2010 WL 8946362 (May 10, 2010); *Scott D. Boras, Inc. v. Sheffield*, No. 09 Civ. 8369, 2009 WL 3444937 (S.D.N.Y. Oct. 26, 2009); *Mut. Marine Office*, 2009 WL 1025965; *Global Reinsurance Corp.-U.S. Branch*, 2008 WL 1805459).

      As stated, it is Mr. Bar-B-Q's burden to provide evidence allowing me to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120 (citation omitted). Mr. Bar-B-Q fails to carry that burden.[4] I find that Partial Final Awards are judicial documents, and that Mr. Bar-B-Q has identified no countervailing factors that overcome the presumption of public access, and therefore, that the Partial Final Awards must be unsealed.

---

[4] I note that the question of whether USL has violated the parties' confidentiality agreement and/or the Arbitrator's orders is not before me, and I make no findings on that issue. *Cf. Aioi Nissay Dowa Ins. Co.*, 2012 WL 3583176, at *6 ("Respondents may have an action for breach of contract against [Petitioner] for its alleged failure to adhere to its obligations under the confidentiality agreement—the Court makes no finding whatsoever on that question.").

11

### IV. Conclusion

For the foregoing reasons, Mr. Bar-B-Q's Renewed Motion to Seal the Partial Final Awards is DENIED.  The Clerk of Court is respectfully directed to terminate the open motion at Doc. 19 and to unseal Docs. 1, 2, 3-1, and 3-3.

SO ORDERED.

Dated: January 27, 2022
      New York, New York

                                      Vernon S. Broderick
                                      United States District Judge