Jeffrey A. Wurst

Direct **T** 212.209.4443  **F** 212.409.8385

JWurst@atllp.com

March 31, 2022

The Honorable Vernon J. Broderick
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

**Re:** *Union Square Limited v. Mr. Bar-B-Q Products LLC*,
**Civil Action No. 1:21-cv-11032 (VSB)**

Dear Judge Broderick:

I regret to advise the Court that despite significant effort the parties have been unsuccessful in reaching an agreement as to a form of stipulation of dismissal or to a joint letter as directed by the Court in its Endorsed Order issued on March 22, 2022 (ECF No. 57). Notwithstanding, Petitioner submits this status letter based upon its understanding of the parties positions as expressed during negotiations.

The parties agreed that the following motions pending before the Court may be withdrawn as moot:

a) Respondent's motion for a stay of proceedings (ECF No. 27); and
b) Petitioner's motion for summary judgment confirming the Second Partial Final Award (ECF No. 35).

Because the Respondent paid the Second Partial Final Award ("Award") in full, the relief sought in the Petition is now moot. The parties further agreed that Respondent's motion for summary judgment dismissing the Petition (ECF No. 49) may be granted.

The following motions remain to be resolved:

- Respondent's motion to quash Petitioner's third-party subpoena to Signature Bank (ECF No. 40); and
- Petitioner's anticipated motion for attorney fees and costs.



Hon. Vernon J. Broderick
March 31, 2022
2|Page

Either party may bring any other post-judgment motions as permitted and in accordance with the Federal Rules of Civil Procedure, the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, and the Individual Rules of this Court.

Petitioner's position with respect to Respondent's motion to quash is that the information to be obtained from the third-party subpoena of Signature Bank - evidence concerning whether Respondent had sufficient funds to pay the Award on December 13, 2021, as required by the terms of the Award – remains relevant and necessary to support the *bad faith* argument Petitioner intends to present in support, in part, of its forthcoming motion for attorneys' fees and costs.

It is Petitioner's understanding that the Respondent believes that the third-party subpoena is no longer relevant and that the inclusion of Petitioner's position would have been improper in a joint letter.

The motion to quash was fully briefed before the Respondent paid the full amount sought in the Petition. That payment in full rendered the Petition moot. Respondent has not provided any explanation for the sudden change from its claimed inability to pay to its actual payment at the time that Petitioner's motion for summary judgment had been briefed and submitted to this Court. Nor has any evidence been presented to support Respondent's claimed inability to pay. Substantial time and expense was incurred solely from Respondent's bald claim of its inability to pay. If those claims were false, that will demonstrate Respondent's bad faith, a consideration for awarding Petitioner its attorneys' fees and costs.

Respectfully submitted,

ARMSTRONG TEASDALE, LLP

By: _____
    Jeffrey A. Wurst
Counsel to Petitioner
7 Times Square, 44th Floor
New York, NY 10036
212.209.4443

Attorney for Petitioner Union Square Limited

---

The Clerk of Court is respectfully directed to terminate Respondent's motion for a stay of proceedings, (Docs. 27 & 32), and Petitioner's motion for summary judgment, (Doc. 35). Respondent's motion to quash Petitioner's third-party subpoena to Signature Bank, (Docs. 40 & 42), and Respondent's motion for summary judgment, (Docs. 48 & 49), are both under advisement. *See Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004) ("Even when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law."). In the future, when directed to do so, the parties should file one joint letter noting any differences of opinion.

SO ORDERED:

4/1/2022  HON. VERNON S. BRODERICK
UNITED STATES DISTRICT JUDGE

2