UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
UNION SQUARE LIMITED, :
:
                    Petitioner, :
: 21-CV-11032 (VSB)
      - against - :
: **OPINION & ORDER**
:
MR. BAR-B-Q PRODUCTS LLC, :
:
                    Respondent. :
:
------------------------------------------------------------X

Appearances:

Jeffrey A. Wurst
Armstrong Teasdale LLP
New York, NY
*Counsel for Petitioner*

John M DiMatteo, Joseph Sofer
Sofer & Haroun, LLP
New York, NY

Mark B. Stumer, Sr
Mark B. Stumer & Associates, P.C.
New York, NY
*Counsel for Respondent*

VERNON S. BRODERICK, United States District Judge:

      Before me are (1) a letter motion filed by Petitioner Union Square Limited ("USL" or "Petitioner") requesting a conference and that I deny the summary judgment motion filed, (Doc. 48), by Respondent Mr. Bar-B-Q Products LLC ("Mr. BBQ" or "Respondent"), (Doc. 64); (2) Petitioner's motion to reopen its motion for summary judgment, (Doc. 65); and (3) Respondent's motion to quash Petitioner's third-party subpoena to Signature Bank, (Doc. 42). Because Respondent's motion for summary judgment relates to the enforcement of an arbitration award

that has not been confirmed, it is DENIED. Petitioner's motion to reopen its motion for summary judgment is GRANTED. Additionally, because discovery related to attorneys' fees is premature, Respondent's motion to quash the third-party subpoena of Signature Bank is GRANTED. Finally, in light of this Opinion & Order, I deny Petitioner's motion requesting a conference as moot.

## I.      Factual Background and Procedural History[1]

I assume familiarity with this case's background as detailed in my Opinion & Order filed on January 27, 2022, and accordingly only include history relevant to the pending motions. (Doc. 24.) On February 16, 2022, Respondent filed a motion to stay these proceedings so that it could continue making payments to Petitioner. (Doc. 32.) On February 22, 2022, Petitioner opposed Respondent's motion to stay and cross-moved to strike Respondent's affirmative defenses and grant summary judgment in favor of Petitioner. (Doc. 35.) In Petitioner's motion for summary judgment, it argued that judgment should be entered on the arbitration award. (Doc. 37.) On February 24, 2022, Respondent filed a motion to quash a subpoena that Petitioner served on third-party Signature Bank. (Doc. 42.) On February 28, 2022, Petitioner opposed the motion to quash. (Doc. 43.) On March 1, 2022, Respondent filed a memorandum in support of its motion to stay and in opposition to Petitioner's cross-motion. (Doc. 44.) On March 7, 2022, Petitioner filed a memorandum in further support of its cross-motion. (Doc. 47.) On March 15, 2022, Respondent filed a motion for summary judgment. (Doc. 48.) In its motion for summary judgment, Respondent argued that because it has satisfied the arbitration award, the petition should be dismissed with prejudice. (Doc. 49.)

---

[1] The facts in Section I are recited for background only and are not intended to, and should not, be viewed as findings of fact.

On March 21, 2022, Petitioner filed a letter notifying me that "on March 10, 2022, Respondent tendered payment to Petitioner of the balance of the Award and on March 14, 2022, Respondent's attorneys advised that the escrow had been fully funded." (Doc. 56 at 1.)  In the letter, Petitioner further noted that certain documents, including Respondent's motion to stay, (Doc. 27), and Petitioner's cross-motion for summary judgment, (Doc. 35), can be denied as moot. (*Id.*)  On March 22, 2022, I directed the parties to meet, confer, and file a joint letter advising me of the status of remaining motions. (Doc. 57.)

On March 31, 2022, I received two letters from the parties. (Docs. 58, 59.)  Respondent, in its letter, stated that the parties agreed that Respondent's motion for a stay, (Doc. 27), and Petitioner's cross-motion for summary judgment, (Doc 35), "may be withdrawn as moot." (Doc. 58 at 1.)  Respondent further explained that the parties "agree that Respondent's motion for summary judgment dismissing the Petition (ECF Doc. No. 49) may be granted" because the relief sought in the petition is now moot. (*Id.*)  Petitioner, in its letter, agreed with Respondent on the status of the pending motions. (Doc. 59 at 1.)  The parties' letters differed in that Petitioner stated that it believes that the information sought in its third-party subpoena to Signature Bank is still necessary, as it is relevant to its "bad faith" argument in support of its forthcoming motion for attorneys' fees and costs. (*Id.* at 2.)  On April 1, 2022, I directed the Clerk of Court to terminate Respondent's motion for a stay and Petitioner's cross-motion for summary judgment. (Doc. 60.)  I kept Respondent's motion to quash Petitioner's third-party subpoena to Signature Bank and Respondent's motion for summary judgment under advisement. (*Id.*)

On January 17, 2023, Petitioner submitted a letter explaining that "there remains the issue of whether the Respondent was truthful and acted in good faith in making representations to this

3

Court, which will be an issue to be addressed in the Petitioner's forthcoming motion for attorneys' fees and costs . . . Such a motion will not be ripe to be brought until no later than 14 days after the entry of judgment." (Doc. 61 at 2.) On April 19, 2023, Petitioner requested a conference to discuss the status of third-party discovery and motions in this matter. (Doc. 64.) On April 27, 2023, Petitioner filed a letter motion requesting that Petitioner's motion for summary judgment be reopened and that Respondent's motion for summary judgment be denied. (Doc. 65.) Petitioner explained that it has recently come to believe that Respondent still owes it money from the arbitration award. (*See* Doc. 65.) When Petitioner requested additional payments from Respondent, Respondent refused and "Petitioner informed the arbitrator of Respondent's refusal and requested that the arbitrator issue a further order directing Respondent to make such payments." (*Id.* at 2.) On May 2, 2023, Respondent submitted a letter in opposition to Petitioner's April 27 letter. (Doc. 66.) On May 5, 2023, Petitioner filed a reply letter in support of its April 27 letter. (Doc. 68.) On May 23, 2023, Petitioner filed a letter notifying me that the parties had appeared before the arbitrator and Respondent had paid the arbitration award in full. (Doc. 69.) In this letter, Petitioner withdrew its request in "the April 27 Letter that Respondent's motion for summary judgment be denied based on Respondent's underpayment of the Second Partial Final Award." (*Id.*) On June 21, 2023, Petitioner filed a letter to Chief Judge Laura T. Swain in which it detailed the history of this case and requested assistance to expedite the resolution of the open matters. (Doc. 70.)

## II. Discussion

### A. *Motion to Quash*

Petitioner argues that Respondent lacks standing to challenge the third-party subpoena. I disagree. Although Respondent may not challenge the third-party subpoena "on grounds of

4

relevance or burden, a subpoena served on a non-party," may be challenged by a party on the basis of privilege. *US Bank Nat. Ass'n v. PHL Variable Ins. Co.*, No. 12 CIV. 6811 CM JCF, 2012 WL 5395249, at *2 (S.D.N.Y. Nov. 5, 2012); *Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir. 1975) ("In the absence of a claim of privilege a party usually does not have standing to object to a subpoena directed to a non-party witness.")  Petitioner incorrectly asserts that Respondent "has failed to provide a sufficient factual basis to demonstrate that the financial records sought by the Subpoena implicate any meaningful privacy interests in those records." (Doc. 43 at 2.)  "In this Circuit, courts are generally in agreement that financial records (including banking records) fall within the scope of information to which a party enjoys a personal right or privilege." *Sky Med. Supply Inc. v. SCS Support Claim Servs., Inc.*, No. CV126383JFBAKT, 2017 WL 1133349, at *8 (E.D.N.Y. Mar. 24, 2017) (collecting cases). Although the subpoena is directed at a third-party, because it seeks financial information about Respondent, Respondent has standing.  *See Equinox Gallery Ltd. v. Dorfman*, 17CV0230 (GBD), 2018 WL 637764, at *2 n.1 (S.D.N.Y. Jan. 22, 2018) ("[G]iven that the asset discovery that Defendants are opposing relates to the existence and alleged dissipation of Defendants' assets, this Court accepts that, based on their privacy interest in their own financial information, Defendants have standing to move to quash the subpoena at issue"); *Silverstone Holding Grp., LLC v. Zhongtie Dacheng (Zhuhai) Inv. Mgmt. Co.*, No. 22MISC353RAGWG, 2023 WL 163256, at *1 (S.D.N.Y. Jan. 12, 2023) ("Courts in this Circuit have found that individuals whose banking records are subpoenaed have a privacy interest in their personal financial affairs that gives them standing to move to quash a subpoena served on a non-party financial institution." (cleaned up).)

"[T]he next inquiry requires weighing the relevance or probative value of the documents

being sought against the privacy interests . . . asserted." *Solow v. Conseco, Inc.*, No. 06 CIV. 5988(BSJ)(THK), 2008 WL 190340, at *4 (S.D.N.Y. Jan. 18, 2008). "The burden to demonstrate the relevance of the requested material lies with the party issuing the subpoena; the burden to show that the request is impermissible lies with the non-party opposing the subpoena." *Phoenix Bulk Carriers (BVI), Ltd. v. Triorient, LLC*, No. 20CV0936(JGK)(RWL), 2021 WL 621226, at *3 (S.D.N.Y. Feb. 17, 2021). Petitioner explains that the third-party subpoena "seeks certain banking and financial records of Mr. BBQ for the period from July 1, 2021, to the present to test, and potentially refute Mr. BBQ's repeated and unsupported contention in support of its motion to stay USL's Petition that Mr. BBQ lacks sufficient funds to pay the Second Partial Final Award in full." (Doc. 43 at 2.) Such information is not relevant to whether the arbitration award should be confirmed, but instead is sought "to support the bad faith argument Petitioner intends to present in support, in part, of its forthcoming motion for attorneys' fees and costs." (Doc. 59 at 2.) At this stage, where Petitioner has not yet filed a motion for attorneys' fees, the subpoena is premature. *See Cartier v. Aaroon Faber Inc.,* No. 05 CIV. 6615, 2006 WL 1911005, at *2 (S.D.N.Y. July 5, 2006) (limiting discovery request because "[d]iscovery relating to attorneys' fees [was] premature."). Accordingly, at this stage of the case, I cannot find that Petitioner has met its burden of establishing that the relevance of the material sought outweighs Respondent's privacy interests. Accordingly, the motion to quash the third-party subpoena is granted.

### B.     *Respondent's Motion for Summary Judgment*

The parties previously agreed that Respondent's motion for summary judgment should be granted. (*See* Docs. 58 and 59.) Although Petitioner initially opposed the motion for summary judgment when it realized that the Respondent had not fully paid the award, it recently withdrew

that opposition. (Doc. 69.) As I stated previously, I decline to summarily grant the motion for summary judgment because "[e]ven when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." (Doc. 60 *citing Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004).) Accordingly, I consider Respondent's motion for summary judgment on the merits.

"Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (internal quotation marks and citation omitted). "The showing required to avoid summary confirmation of an arbitration award is high." *Willemijn Houdstermaatschappij, BV v. Standard Microsys. Corp.*, 103 F.3d 9, 12 (2d Cir. 1997). So long as "[t]here is no indication that the arbitration decision was made arbitrarily, exceeded the arbitrator's jurisdiction, or otherwise was contrary to law . . . a court must grant an order to confirm an arbitration award upon the timely application of a party." *Herrenknecht Corp. v. Best Rd. Boring,* No. 06 CIV. 5106 (JFK), 2007 WL 1149122, at *2 (S.D.N.Y. Apr. 16, 2007) (citing 9 U.S.C. § 9, *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)). "[I]n a confirmation proceeding, the court properly may consider only the statutory bases for modifying or vacating an award and challenges to the award's clarity." *Ottley v. Schwartzberg*, 819 F.2d 373, 377 (2d Cir. 1987).

In Respondent's motion for summary judgment, Respondent stated that "[i]n the present case, there is no dispute that on March 15, 2022, Mr. BBQ satisfied the Second Partial Final Award by completing all payments to USL, with interest, and funding an approved escrow account with interest." (Doc. 49 at 2.) Respondent's motion for summary judgment focuses on

7

whether or not it has paid the amount owed pursuant to the arbitration award; however, such payment is irrelevant at this stage. "At the confirmation stage, the court is not required to consider the subsequent question of compliance." *Zeiler v. Deitsch*, 500 F.3d 157, 169 (2d Cir. 2007). Whether or not the award has been satisfied is not an issue before me. "Respondent may very well be in compliance with the arbitration award, but that alleged compliance is not material to the confirmation decision." *Loc. 30, Int'l Union of Operating Engineers, AFL-CIO v. Wood Grp. Power Operations LLC*, No. 13-CV-2499 JS GRB, 2014 WL 4199372, at *5 (E.D.N.Y. Aug. 22, 2014). "Indeed . . . a court may confirm an arbitration award against a party even when the party has complied with that award." *Dist. Council No. 9 v. APC Painting*, Inc., 272 F. Supp. 2d 229, 239 (S.D.N.Y. 2003). Accordingly, because Respondent's motion for summary judgment does not address whether the arbitration award should be confirmed it is denied.

Further, I grant Petitioner leave to file a motion to confirm the arbitration award. I remind the parties that I will not resolve disputes related to enforcement of an award unless and until it has first been confirmed. If Petitioner seeks to confirm the award, it shall file such a motion within 30 days of the entry of this Opinion & Order. Any opposition by Respondent shall be due on or before 14 days after Petitioner files its renewed motion for summary judgment. Any reply by Petitioner shall be due on or before 7 days after Respondent files its opposition. If Petitioner no longer seeks confirmation of the award, it may dismiss its petition.

### III. Conclusion

For the reasons detailed above, it is hereby ordered that:

- Petitioner's motion to reopen its motion for summary judgment, (Doc. 65), is GRANTED.

- Respondent's motion to quash Petitioner's third-party subpoena to Signature

      Bank, (Doc. 42), is GRANTED.

- Respondent's motion for summary judgment, (Doc. 48), is DENIED.

- Petitioner's motion requesting a conference, (Doc. 64), is DENIED as moot.

The Clerk of the Court is respectfully directed to terminate the gavel pending at Doc. 65.

SO ORDERED.

Dated: June 26, 2023
      New York, New York

                                                Vernon S. Broderick
                                                United States District Judge