```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
UNION SQUARE LIMITED,                                       :
                                                            :
                            Petitioner,                     :
                                                            :         21-CV-11032 (VSB)
               - against -                                  :
                                                            :         OPINION & ORDER
                                                            :
MR. BAR-B-Q PRODUCTS LLC,                                   :
                                                            :
                            Respondent.                     :
                                                            :
------------------------------------------------------------X
```

Appearances:

Jeffrey A. Wurst
Armstrong Teasdale LLP
New York, NY
*Counsel for Petitioner*

John M DiMatteo, Joseph Sofer
Sofer & Haroun, LLP
New York, NY

Mark B. Stumer, Sr
Mark B. Stumer & Associates, P.C.
New York, NY
*Counsel for Respondent*

VERNON S. BRODERICK, United States District Judge:

      Before me is the corrected motion of Union Square Limited ("Union Square" or "Petitioner") to confirm an arbitration award against Mr. Bar-B-Q Products ("Respondent") pursuant to the Federal Arbitration Act. Because I find that there is no genuine issue as to any material fact and no indication in the record that any grounds for vacating or modifying the arbitration award exist, the petition is GRANTED, and the arbitration award is confirmed.

I.      **<u>Background and Procedural History</u>**[1]

This action began on December 23, 2021, when Union Square filed a Petition to Confirm Arbitration Award. (Doc. 1, the "Petition.") In support of the Petition, Union Square also filed a brief, (Doc. 2), and a declaration, (Doc. 3). Attached to the declaration were, among other things, the First Partial Final Award issued on June 9, 2021, by Stephen S. Strick ("Arbitrator Strick"), (Doc. 3-3), and the Second Partial Final Award issued on December 3, 2021 by Arbitrator Strick, (Doc. 3-1, the "Award"). The Petition only seeks confirmation of the Award.

On February 16, 2022, Respondent filed a motion to stay these proceedings so that it could continue making payments to Petitioner. (Doc. 32.) On February 22, 2022, Petitioner opposed Respondent's motion to stay and cross-moved to strike Respondent's affirmative defenses and grant summary judgment in favor of Petitioner. (Doc. 35.) In Petitioner's motion for summary judgment, it argued that judgment should be entered on the Award. (Doc. 37.) On March 1, 2022, Respondent filed a memorandum in support of its motion to stay and in opposition to Petitioner's cross-motion. (Doc. 44.) On March 7, 2022, Petitioner filed a memorandum in further support of its cross-motion. (Doc. 47.) On March 15, 2022, Respondent filed a motion for summary judgment. (Doc. 48.) In its motion for summary judgment, Respondent argued that because it had satisfied the Award, the Petition should be dismissed with prejudice. (Doc. 49.)

On March 21, 2022, Petitioner filed a letter notifying me that "on March 10, 2022, Respondent tendered payment to Petitioner of the balance of the Award and on March 14, 2022, Respondent's attorneys advised that the escrow had been fully funded." (Doc. 56 at 1.) In the

---

[1] I assume familiarity with this case's background as detailed in my Opinion & Order filed on January 27, 2022, (Doc. 24), and my Opinion & Order filed on June 26, 2023, (Doc. 71), and accordingly only include history relevant to the pending motion.

letter, Petitioner further noted that certain documents, including Respondent's motion to stay, (Doc. 27), and Petitioner's cross-motion for summary judgment, (Doc. 35), could be denied as moot. (Doc. 56)

On January 17, 2023, Petitioner submitted a letter explaining that "there remains the issue of whether the Respondent was truthful and acted in good faith in making representations to this Court, which will be an issue to be addressed in the Petitioner's forthcoming motion for attorneys' fees and costs . . . Such a motion will not be ripe to be brought until no later than 14 days after the entry of judgment." (Doc. 61 at 2.) On April 27, 2023, Petitioner filed a letter explaining that it had recently come to believe that due to a miscalculation by Respondent, Respondent still owed Petitioner money pursuant to the Award. (*See* Doc. 65.) On May 23, 2023, Petitioner filed a letter notifying me that the parties had appeared before the arbitrator to address their disagreement over the amount of the award and Respondent had paid the Award in full. (Doc. 69.) On June 26, 2023, I entered an Opinion & Order granting Petitioner leave to file a motion to confirm the Award. On August 10, 2023, Petitioner filed a corrected Motion to Confirm Arbitration Award, (Doc. 73, the "Corrected Motion"), along with a memorandum of law in support, (Doc. 74). Respondent did not oppose the Corrected Motion.

**II.     Legal Standard**

The Federal Arbitration Act ("FAA") provides a "streamlined" process for a party seeking "a judicial decree confirming an award, an order vacating it, or an order modifying or correcting it." *Hall St. Assocs. L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008). In reviewing an arbitration award, a federal district court "can confirm and/or vacate the award, either in whole or in part." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006). Specifically, under Section 9 of the FAA, "a court 'must' confirm an arbitration award 'unless' it is vacated,

modified, or corrected 'as prescribed' in §§ 10 and 11." *Hall St. Assocs.*, 552 U.S. at 582 (quoting 9 U.S.C. § 9). Under Section 10 of the FAA, a district court may vacate an arbitration award on four grounds, including "where there was evident partiality or corruption in the arbitrators, or either of them" or "where the arbitrators were guilty of misconduct . . . in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced." 9 U.S.C. § 10(a)(2), (3). "Consistent with federal policy favoring arbitration, these vacatur provisions are to be accorded the narrowest of readings." *Beljakovic v. Melohn Properties, Inc.*, No. 04 CIV. 3694 JMF, 2012 WL 5429438, at *2 (S.D.N.Y. Nov. 7, 2012), *aff'd*, 542 F. App'x 72 (2d Cir. 2013) (internal quotation marks omitted). The Second Circuit has found "as judicial gloss on these specific grounds for vacatur of arbitration awards," that a "court may set aside an arbitration award if it was rendered in manifest disregard of the law." *Schwartz v. Merrill Lynch & Co.*, 665 F.3d 444, 451 (2d Cir. 2011) (internal quotation marks omitted) (collecting cases). In other words, "the showing required to avoid confirmation is very high." *D.H. Blair*, 462 F.3d at 110.

An unopposed petition to confirm an arbitration award is to be treated "as an unopposed motion for summary judgment." *Id.* Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). "[T]he dispute about a material fact is genuine . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotation marks omitted). A fact is "material" if it "might affect the outcome of the suit under the governing law," and "[f]actual disputes that are irrelevant or unnecessary will not be counted." *Id.* As with a motion for summary judgment, "[e]ven unopposed motions . . . must 'fail where the undisputed facts fail to show that the moving party is entitled to judgment as a

4

matter of law.'" *D.H. Blair*, 462 F.3d at 110 (quoting *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)).

### III. Discussion

I have reviewed the Petition, the Corrected Motion, and the Award and find that no genuine issues of material fact exist in this case. The Petition was timely filed within one year of the Award. (Doc. 1.) There is no indication that the Award was procured through corruption, fraud, or undue means, contained any miscalculations, or that the arbitrator was partial, corrupt, engaged in misconduct, or exceeded his powers. *See* 9 U.S.C. §§ 10, 11. Further, Respondent's compliance with the arbitration award does not impact my ability to confirm the award. *See Dist. Council No. 9 v. APC Painting, Inc.*, 272 F. Supp. 2d 229, 239 (S.D.N.Y. 2003) ("[A] court may confirm an arbitration award against a party even when the party has complied with that award.").

### IV. Conclusion

For the foregoing reasons, Petitioner's Corrected Motion is GRANTED and the Award is confirmed. On several occasions, Petitioner has advised this Court that they will be seeking attorneys' fees and costs, (*see, e.g.,* Docs. 56, 61, 62), Petitioner is hereby ordered to file any motion related to attorneys' fees and costs within 30 days of the entry of this Opinion & Order. The Clerk of the Court is respectfully directed to terminate the motion pending at Document 73. SO ORDERED.

Dated: October 5, 2023
      New York, New York

                                                        Vernon S. Broderick
                                                        United States District Judge